Gardner v. The Burlington, Cedar Rapids & Northern R'y Co.

GARDNER v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y Co.

1. **Practice in Supreme Court**: IMPEACHMENT AND CORRECTION OF RECORD. Records which are the bases of appeals to this court, if defective or not correct, must be corrected in the court below; and cannot be impeached in this court by any extrinsic evidence.

2. **Bill of Exceptions:** SKELETON: DIRECTION TO INSERT EVIDENCE. A skeleton bill of exceptions referred to the evidence as follows: "The plaintiff, in support of the issues, produced and offered the following evidence, contained in the reporter's notes, which were filed in the office of the clerk of the circuit court, a transcript of which is as follows: (clerk will here insert said transcript;) the same being a transcript and translation of the reporter's notes, which transcript is on file in the office of the clerk of said court; to which evidence the defendant objected, which objections were overruled, to which overruling the defendant then duly excepted,—all as appears in said notes and the transcript thereof, as set out and embodied in this bill of exceptions." *Held* sufficiently explicit directions to guide the clerk in the insertion of the evidence.

3. **Instructions**: MUST BE CONFINED TO ALLEGATIONS AND EVIDENCE. It is error to instruct the jury upon a state of facts not alleged in the pleadings and supported by the evidence. See opinion for illustration.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, APRIL 21.

THE plaintiff seeks in this action to recover damages of the defendant, and, as the ground of his claim, he avers, in

substance, that, while crossing the defendant's railroad track with a team of horses and sled, the employes of defendant negligently ran a train of cars against the team and vehicle to which they were attached, and killed one of the horses, seriously injured another, and inflicted upon plaintiff a great personal injury. There was the usual defense, denying the alleged negligence, and averring that the plaintiff has no right to recover, because of his contributory negligence. A trial by jury resulted in a verdict and judgment for plaintiff, and defendant appeals.

*S. K. Tracy* and *Boal & Jackson*, for appellant.

*Milton Remley* and *S. H. Fairall*, for appellee.

ROTHROOK, J.—I. Counsel for appellee attack the record in the case, and they move to dismiss the appeal, and to strike

1. PRACTICE in supreme court: impeachment and correction of record.

the evidence from the abstract, because they claim that it was not preserved by a bill of exceptions. They make a number of points under these motions. One of the objections is that the service of the notice of appeal is in the handwriting of the deputy clerk of the circuit court. To sustain this objection to the record they have caused the original notice of appeal to be deposited in this court with a certificate of the clerk, to the effect that the name of the clerk was signed by the deputy. We have repeatedly held that records which are the basis of appeals to this court, if defective or not correct, must be corrected in the court below. The transcript is the authoritative record in this court, and after being certified here it cannot be impeached by certificates of the clerk of the court below, or by any extrinsic evidence. We do not determine whether a deputy clerk may accept service of a notice of appeal; but see *Sanxey v. Iowa City Glass Co.*, *ante*, 542, decided at present term. But we hold that the objection is not well taken, because extrinsic evidence is not admissible here to contradict the record.

The only other objection founded on these motions which it appears necessary to refer to is that the bill of exceptions does not point out with sufficient distinctness the evidence to be inserted therein. It is what is known as a "skeleton bill," in that it directs the clerk to insert the evidence at certain places therein. The reference to the evidence in the bill is as follows: "The plaintiff, in support of the issues, produced and offered the following evidence, contained in the reporter's notes, which were filed in the office of the clerk of the circuit court, a transcript of which is as follows: [clerk will here insert said transcript;] the same being a transcript and translation of the reporter's notes, which transcript is on file in the office of the clerk of said court; to which evidence the defendant objected, which objections were overruled, to which overruling the defendant then duly excepted,—all as appears in the said notes and the transcript thereof, as set out and embodied in this bill of exceptions." It is then recited in the bill of exceptions that the plaintiff then rested his case, and the defendant introduced his evidence. The defendant's evidence, and the rebutting evidence of the plaintiff, are referred to, pointed out and identified in the same way. This was sufficient. There was no ground for the clerk to be mistaken as to what was to be inserted in the bill, and he was not authorized to determine what evidence was in the case. The evidence was as plainly and specifically pointed out as it well could be. It is claimed, however, that the transcript of the reporter's notes was not on file when the bill of exceptions was signed. There is some doubt upon this subject; but the reporter's transcript was on file when the bill of exceptions was filed, and this was sufficient. It is not at all probable that when the clerk came to make out the bill of exceptions *in extenso* he would insert the evidence in some other case because the reporter's transcript in this case was not on file at the date of the signing of the bill of excep-

*2. BILL of exceptions: skeleton: direction to insert evidence.*

tions.    The evidence to be inserted was plainly designated, regardless of the date in question.

II.    The fact that there was a collision at a public crossing between a train of the defendant and a team driven by the plaintiff is conceded.    One of the plaintiff's horses was killed, and the other injured.    The plaintiff was not struck by the train, but he was thrown a considerable distance by the collision.    He was considerably bruised, and was confined to his house some two weeks by reason of the injury.    He claims that he was permanently injured, and the jury found that his damages were $4,000.    He lived on a farm near the railroad crossing where the injury occurred, and knew the time of the regular trains on the railroad, and the train from which he received his injuries was a regular passenger train, which was on time, or, at most, a very few minutes late.    The accident occurred on an evening in January, at about eight o'clock.    The plaintiff stated in his testimony that he stopped his team before approaching the crossing, and listened, but did not hear a train approaching; that he then drove upon the track in a trot; and that just as his horses reached the track he saw the train some fifty or sixty feet from him. The public crossing is in a cut or excavation, and the highway, as it approaches the track, is excavated so as to be brought down to a level with the railroad.

The material question of fact in the case, and that upon which the rights of the parties depended, was whether there was any signal given by the engineer or fireman of the approach of the train to the crossing.    All of the train-men and some two or three others, including one passenger, testified that the usual signal for a crossing was given from the whistle on the engine. The plaintiff, and a number of other witnesses who were in houses in the neighborhood, testify that they did not hear any signal.    We are asked to reverse the judgment because there was really no conflict in the evidence upon this question; and counsel insist that the witnesses who testify affirmatively that the signal was given cannot be mistaken, because

the train was stopped immediately after the accident, and their attention was thus pointedly directed to the fact about which they testify. We do not find it necessary to determine this question, because, in our opinion, the judgment must be reversed upon another ground, which we will now proceed to consider.

The plaintiff averred in his petition "that he was thrown many feet and seriously injured, and suffered great pain and mental anguish, and was put at great expense, because of the negligence of the defendant aforesaid." The court, among other instructions, charged the jury as follows: "(8) If you find for the plaintiff, the amount of his recovery will be such a sum as, from the evidence, will compensate him for the losses he has sustained; and in so doing it is proper that you consider and allow him for his loss of time, his expenses for medicines and nursing by reason of his injuries, physical pain and suffering and mental anguish; if you should find his injuries continuing or permanent, a sufficient sum to compensate him for his partial disability to earn a livelihood, the value of property destroyed, and the depreciation of property injured." It will be observed that the plaintiff does not make any specific claim in his petition for loss of time, or for expenses for medicine and nursing; but he does claim that he was put to " great expense" by reason of the injury. We may, for the purposes of this case, concede that an averment that he was put to great expense might authorize proof of expenses for receiving medical attention and medicines, but counsel for appellant insist that the instruction is erroneous because there was no evidence of any expense incurred for any purpose, and the petition makes no claim for damages by reason of the loss of time consequent upon the injury. We think the position is well taken. The plaintiff offered no evidence whatever tending to prove that he had expended any money or incurred any liability for medicines, or for nursing, and he introduced no evidence whatever of the value of any time

*3. INSTRUCTIONS: must be confined to allegations and evidence.*

lost. The instruction is therefore erroneous in two respects: It charges the jury that damages may be given for that of which there is no evidence; and it charges that damages may be awarded for lost time, of which there is neither allegation nor evidence. This court has repeatedly held that it is error to instruct the jury upon a state of facts which finds no support in the evidence. The following cases announcing that rule are particularly applicable to the facts in the case at bar: *Reed v. Chicago, R. I. & P. R. Co.*, 57 Iowa, 23; *Stafford v. City of Oskaloosa*, Id., 748.

For the error in giving the above instruction the judgment will be

REVERSED.