## HAGERMAN *v.* MOON.

### Opinion delivered June 16, 1900.

1.  LIMITATION OF ACTIONS—POSSESSION UNDER DONATION DEED.—Sand. & H. Dig., § 4819, provides that no action for the recovery of lands against any person who may hold such lands under a donation deed shall be maintained "unless it appear that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action."    *Held*, that adverse possession under a donation certificate does not set the statute in motion, and cannot be tacked to subsequent possession under a donation deed to complete the statutory bar.    (Page 282.)

2.  APPEAL—RECORD—AMENDMENT.—The record of the circuit court is amendable there, and not in the supreme court.    (Page 283.)

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

#### STATEMENT BY THE COURT.

On the 20th of March, 1896, Frank Hagerman and others brought an action against Mrs. Mattie Moon to recover a cer-.

tain tract of land. They stated that they were the owners of the land and entitled to the possession of the same, and the manner in which they acquired title. During the pendency of the action they filed an amendment to their complaint, which is as follows:

"Comes the plaintiffs herein, and, for supplement to their original complaint herein filed, state that the defendant claims title to the lands therein described by virtue of a donation deed to her executed by the commissioner of state lands, on the 13th day of February, 1896; that said donation deed by the state to defendant is based upon a forfeiture of said lands to the state of Arkansas in the year 1884 for the payment of the taxes for the years 1881–2–3; that there were no lawful taxes due on said lands for said years, the same having been previously paid, and the tax collector was not authorized to sell the same; that the levy of taxes made by the county court for each of said years is illegal and void; that no list of the delinquent lands for said years was published as required by law; that no notice of sale of the delinquent lands for said years was given and published by the revenue collector of Little River county, as required by law; that said sale and forfeiture of said land for said years to the state was without power and authority to sell the same, and is therefore a nullity and void, and also the said donation deed to said defendant based thereon, the taxes on said lands having been paid before and prior to said forfeiture."

The defendant did not deny the allegations in the complaint, except by so much of her answer as is as follows:

"But she says the truth is that Jacob T. Moon, the late husband of defendant, on the 13th day of February, 1893, applied for and obtained a donation certificate for said lands aforesaid from the land commissioner of the state of Arkansas, and immediately entered into the peaceable, quiet, uninterrupted, exclusive, and adverse possession of the aforesaid lands, and continued to hold the possession thereof peaceably, quietly, and adversely to all the world to the time of his death, and that since the death of the said Jacob T. Moon, her late husband, she has continued to peaceably, quietly, uninterruptedly,

exclusively, and adversely hold said lands against the claim of plaintiffs and all other persons whatever to the time of the bringing of this suit, and that the defendant and the said Jacob T. Moon, under whom she holds, have continuously, peaceably, uninterruptedly held. adverse possession of said lands for more than two years before the bringing of this suit, and she claims the benefit of the statute of limitations of two years, made in case of donation claims in this state.

"For further answer, she says that the plaintiffs, nor those under whom they hold, nor their ancestors, have not been in possession of the aforesaid lands, or any part thereof, within two years before the bringing of plaintiffs' action herein, and that she claims the benefit of the two-years statute of limitation in case of donation deeds from the land commissioner of the state of Arkansas, and says that plaintiffs are barred from bringing or maintaining their aforesaid action.

"Defendant, for further answer, says that she is the owner of the aforesaid lands by virtue of a donation deed executed to her by the commissioner of state lands, dated on the 13th day of February, 1896, under the seal of his office, a copy of which is herewith filed, and made a part hereof."

The following is a copy of the judgment rendered in the case:

"This cause coming on for trial, the parties waived a jury, and by consent the case was submitted to the court as a jury, on the complaint and supplemental complaint, the answer and motion of defendant, and the admission of plaintiffs that the defendant donated the land in controversy, to-wit: The S. E. ¼ of the S. W. ¼ of section 32, township 12 south, range 28, west, and that the said defendant entered into the actual possession of said land under a donation certificate, dated the 13th day of February, 1893, in favor of Jacob T. Moon, deceased, husband of defendant, and thereafter held actual possession of the same from that date until the 13th day of February, 1896, at which time she received a donation deed from the commissioner of state lands, and that she continued to hold possession under said certificate and donation deed till the institution of this suit on the —— day of —— 1896. The

court, upon the pleadings and admissions of the plaintiffs as aforesaid, finds that the defendant has been in the uninterrupted, adverse and actual possession of said land under her certificate and donation deed for more than two years prior to the bringing of this suit, and that plaintiffs were not in actual possession during that time. The court therefore holds that plaintiffs' action for the recovery of said lands is barred by the statute of limitations, and that plaintiffs' action for the recovery of same cannot be maintained. It is therefore considered, ordered and adjudged by the court that the plaintiffs take nothing by their suit, and that the defendant retain possession of the said land, of which she is adjudged to be the owner in fee simple, and that she recover all her cost in this behalf expended, and have execution therefor."

*F. H. Taylor* and *E. B. Kinsworthy*, for appellants.

It being admitted and confessed that there were no taxes due on the land when forfeited, that all taxes had been paid by appellants before the forfeiture, and that appellee had paid no taxes on the land, no affidavit of the tender of taxes, penalty, costs, etc., as required by Sand. & H. Dig., § 2595, was necessary. 51 Ark. 399. The court erred in holding that appellant was barred. 65 Ark. 305, 308; Sand. & H. Dig., § 4575. Possession should follow title. 60 Ark. 168.

*J. C. Head*, for appellee.

The cause should have been dismissed for want of affidavit of tender of taxes, etc. Sand. & H. Dig., § 2995; 21 Ark. 319; 41 Ark, 149; 23 Ark. 644; 31 Ark. 314; 64 Ark. 550.

Battle, J., (after stating the facts.) The defendant relied upon what is known as the two years' statute of limitations for her defense against this action. The statute, so far as it relates to this case, is as follows: "No action for the recovery of any lands, or for the possession thereof, against any person or persons, their heirs or assigns, * * * who may hold such lands under a donation deed, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the lands in question within

two years next before the commencement of such suit or action." Sand. & H. Digest, § 4819.

This statute does not protect a party holding land under a certificate of donation by the state against actions for possession. Adverse possession for two consecutive years under the certificate is no bar to an action against him, because he is not named in the statute. As such possession does not set the statute in motion, it is obvious that it cannot be of any avail to the owner of the certificate, under the two-years statute, after the deed of donation has been executed to him by the state. That possession only which sets the statute in motion can be tacked to other possession for the purpose of completing the statutory bar to the maintenance of actions for the recovery of land. *McCann* v. *Smith*, 65 Ark. 305; *Gates* v. *Kelsey*, 57 Ark. 523.

This action was not barred. It was commenced within less than two months after the deed of donation was executed.

The defendant says that this action was not submitted upon the amendment of the complaint, but upon the complaint and exhibits and the answer and exhibits. The record, however, shows that the defendant is in error, and that it was submitted upon the amendment; and we are governed by the record. Parties aggrieved by errors in the record of the circuit court, and desiring to have them corrected, should apply to that tribunal for correction, and not to this court. This is not the proper forum in which to institute such proceedings.

The judgment of the circuit court is set aside, and this cause is remanded for a new trial.

BUNN, C. J., and RIDDICK, J., did not sit in this case.