LITTLE ROCK & HOT SPRINGS WESTERN RAILROAD COMPANY *v.*
NEWMAN.

Opinion delivered January 14, 1905.

1. EQUITY—PRACTICE AS TO NEW TRIALS.—A court of equity cannot order
   a new trial in a court of law, though in a proper case it may decree
   that, unless the winning party submits to a new trial, his judgment
   at law will be enjoined.   (Page 556.)

2. SAME—SHOWING OF MERIT.—Equity will not interfere with a judg-
   ment at law upon the ground that a mistake or accident has pre-
   vented the losing party from filing a bill of exceptions and
   prosecuting an appeal, without showing that such judgment
   was unjust or inequitable.   (Page 557.)

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

Reversed.

STATEMENT BY THE COURT.

This is an action in equity to obtain a new trial in a court
of law on the ground that the plaintiff had been misled, and his
right to appeal had been lost by the act of the circuit judge.  Plain-
tiff had brought an action in the Garland Circuit Court against
the appellant to recover for damages to certain real estate owned
by him in the city of Hot Springs and in the county near that
city, by reason of the fact that certain streets of that city had been
obstructed or occupied by the tracks of the defendant.   On the
trial at the Spring term of the court in 1901, there was a verdict
in favor of the defendant.   Plaintiff filed a motion for a new trial,
and was, by order of the court, allowed until the first Monday in
September, 1901, to prepare and file a bill of exceptions.   The
plaintiff afterwards on the 3d day of August tendered his bill
of exceptions to the judge of the circuit court, and asked that the
record be made to show that he tendered the bill of exceptions
at that time, but the judge, so he alleges, informed him that it
was unnecessary for the records to show this, for, if the bill was

not signed and filed with the clerk of the circuit court within the time given, plaintiff would be entitled to a new trial as a matter of law.

The judge failed to file the bill within the time named, and plaintiff lost his right of appeal. He alleges that he had a meritorious case, and that he lost his right of appeal by "an accident or mistake" which was no fault of his, and for that reason he asked that he be allowed a new trial. The defendant filed a demurrer and answer to the complaint, denying his right to the new trial, but the chancellor found in favor of the plaintiff, and ordered that a new trial be granted, and the company appealed.

*Dodge & Johnson,* for appellant.

The court had no jurisdiction to grant the relief prayed. There was no equity disclosed in the bill. 1 Ark. 195; 48 Ark. 536; 51 Ark. 343; 61 Ark. 348. The accident or mistake alleged in the bill and amendments was not such, even though there had been merit in the original case, as to entitle plaintiff to a new trial. 1 Rapal. Law Dic. 10; 1 Bouvier, 45; 1 Story, Eq. Jur. § 78; 1 Am. & Eng. Enc. Law, 824; 25 Ark. 372; 66 Ark. 312. The decree was wrong and outside the jurisdiction of a court of equity. 11 Ark. 443.

RIDDICK, J., (after stating the facts.) We think it very clear that, under the facts as shown by this record, the judgment of the chancellor cannot be sustained. In the first place, the chancellor had no right to order a new trial in a court of law, though in a proper case a court of equity might make a decree that, unless the opposite party should submit to a new trial, his judgment at law would be enjoined. *Kansas & A. V. R. Co.* v. *Fitzhugh,* 61 Ark. 348. But, waiving that point, and also the question of whether any such mistake or accident was alleged or shown as justified the interference of a court of equity, we come to the insurmountable objection that there is nothing to show that the judgment at law, of which the plaintiff complains, was unjust or inequitable. It is well settled that in a case of this kind it must clearly appear that it would be contrary to equity or good conscience to allow the judgment at law complained of to be enforced; otherwise equity declines to interfere or to impose terms upon

the party in whose favor the judgment was rendered. *Kansas & A. V. R. Co.* v. *Fitzhugh*, 61 Ark. 348; *Whitehill* v. *Butler*, 51 Ark. 343.

But in this case no evidence was introduced before the chancellor bearing on the merits of the trial had in the circuit court. There is nothing to show what the facts were upon which the circuit court based its judgment, and nothing to overcome the presumption that the judgment of the circuit court was right. Even if it be conceded that the plaintiff lost his right to an appeal by an unavoidable accident, still that does not amount to anything unless the judgment from which he appealed was wrong, or there was something that made it inequitable for the defendant to enforce that judgment. As we must, in the absence of any showing to the contrary, presume that such judgment was right, it follows that we must also assume, so far as this case is concerned, that plaintiff suffered no injury from the failure to obtain an appeal.

It being clear on the whole case that the chancellor erred in his judgment, it is reversed, and the case dismissed for want of equity.