## HARDIE *v*. BISSELL.

### Opinion delivered February 24, 1906.

1. APPEAL—RECORD—EVIDENCE CONSIDERED BELOW.—Where a decree in chancery quieting appellee's title recites that appellee introduced the record of tax payments, a paper copied into the transcript which purports to be a report of the clerk as to payments of taxes on the land in controversy during certain years is not a certified copy of the record which the chancellor considered, and will not be considered on appeal. (Page 78.)

2. SAME—CONTRADICTING RECORD.—Where a decree in a chancery case recites that tax receipts and the record of tax receipts were read in evidence, the presumption on appeal will be that such evidence was before the chancellor, and such presumption can not be overcome by the affidavit or certificate of either the chancellor or the clerk. (Page 79.)

3.  SAME—PRESUMPTION FROM DEFECT OF RECORD.—Where the transcript
    on appeal shows that it does not contain all the evidence, it will
    be presumed that the evidence was sufficient to sustain the finding
    of the court below; and this presumption goes to the extent of
    curing every defect in the allegations of the pleadings which by
    reasonable intendment may be considered as having been proved.
    (Page 79.)

4.  LIMITATION—SEVEN YEARS' PAYMENT OF TAXES.—The continuous pay-
    ment of taxes for the period of seven years in succession by one
    having color of title is sufficient, under Kirby's Digest, § 5057, to
    sustain a finding of ownership, if three of such payments were
    made subsequent to the passage of the act.   (Page 79.)

5.  CLOUD ON TITLE—EVIDENCE.—A decree quieting appellee's title to
    land will not be set aside if the evidence established either that
    appellee was the owner through a valid tax forfeiture to the State,
    or, if such forfeiture was invalid, that he had title under the statute
    of limitations.   (Page 79.)

6.  COUNTERCLAIM—WAIVER OF WANT OF REPLY.—No advantage can be taken
    on appeal of the fact that no reply was filed to a counterclaim
    if no judgment was asked below for want of a reply.   (Page 80.)

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,*
Chancellor; affirmed.

### STATEMENT BY THE COURT.

In 1897 the State granted to the Mississippi River, Hamburg
& Western Railway Company certain lands which had been for-
feited to the State for nonpayment of taxes.   Among the lands
granted were the following tracts:   West ½ of the west ½ of
section 4, township 16 south, range 3 west, 160 acres; west ½ of
section 28, township 16 south, range 3 west, 320 acres.

Afterwards the railway company brought an action in the
Chicot Chancery Court to confirm title to such land.   The com-
pany alleged that it was the owner of the lands, and that they
were wild and unimproved and unoccupied.

One Wm. T. Hardie entered his appearance to the action,
and filed a demurrer to the complaint.   Thereupon S. S. Bissell
appeared, and filed an answer and cross-complaint, in which he set
up a chain of title to the land from the Government through
mesne conveyances to himself.   He also alleged that he had pur-
chased the interest of the railway company in the land, and had
received a conveyance from it, and that the railway company
had no interest in the land.   He also, in response to the allega-

tion contained in the pleading filed by Hardie, denied that Hardie was the owner of the land.

Bissell further alleged that he and those under whom he claimed title had paid taxes on the lands continuously for more than seven years, and that three of the payments were made after the passage of the act of 1899 for the protection of those who pay taxes on land. He asked a judgment confirming and quieting his title to the land.

Hardie afterwards filed what is designated as an answer to the complaint of the railway company. In this answer he alleged that the tax forfeiture to the State under which the railway company claimed the land was void for defects in the tax procedure on which the forfeiture was based. He set up title in himself by virtue of a tax sale for the nonpayment of the taxes for 1868, and also under a purchase by one D. H. Reynolds at an overdue tax sale and by mesne conveyances from Reynolds to himself. He further alleged that he and his grantors had "paid the taxes on said lands for more than seven years before the institution of this suit, three of which payments have been made since the 18th day of March, 1899." The answer winds up with a prayer that the title of defendant be quieted, but that, in case his title be found to be invalid, the defendant have a decree for money paid for taxes and interest.

Hardie also filed a demurrer to the cross-complaint of Bissell, which was overruled. The record also recites the following:

"On this day are filed exceptions of defendant to reading any record not called for or referred to in complaint of Bissell attacking validity of deeds of defendant Hardie. Whereupon the court sustains the exceptions, and overrules demurrer to cross-complaint of Bissell, and permits him to plead to the answer of defendant Hardie such defects of title as he shall find to exist."

On the hearing the chancellor found that the lands were wild and unimproved, and that the title thereto was in the intervener, S. S. Bissell. He further found that Bissell had paid the taxes on the land continuously for more than seven years next before the bringing of this suit, and that at least three of such payments had been made since the passage of the act of 1899, intended for the protection of those who pay taxes on unimproved lands. He therefore gave judgment in favor of Bissell, quieting his title,

but declared a lien on the lands in favor of Hardie for amount of all taxes paid by him, and directed a commissioner to ascertain and report the amount of such taxes. Hardie appealed.

*Baldy Vinson,* for appellant.

Hardie's demurrer should have been sustained. 38 Cal. 679; 4 Oh. Ct. Ct. Rep. 499; 9 Ore. 89; 22 Fed. 865. Bissell is estopped to deny that Hardie had a valid title on its face. 37 Ark. 643; 27 *Id.* 414. And his failure to deny the cross-complaint admits the title as set out, which is *prima facie* valid. Hardie was entitled to an answer denying any allegation he wished to controvert. Kirby's Digest, § 6088; 58 Ark. 446; and cases cited. See also 42 Ark. 57; *Ib.* 501; 58 *Id.* 504; 71 *Id.* 364. The court makes no finding as to any defect in Hardie's title, and Bissell fails to make proof under the seven-years tax payment act.

*Knox & Hardy,* for appellee.

The answer of Hardie was not a cross-complaint; it sought no positive relief, and required no answer. 40 Ark. 393; Kirby's Digest, § 6088; 37 Ark. 643; 62 *Id.* 434. Hardie failed to offer to pay the taxes and costs. 64 Ark. 457. Under the seven-years tax act Bissell was entitled to confirmation. 14 Ark. 303.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment of the chancery court of Chicot County declaring the title to certain lands in that county to be in S. S. Bissell, and quieting his title thereto against the claims of the defendant, W. T. Hardie. Bissell claims title to the land under a chain of conveyances extending back to the United States, while Hardie claims title under a tax sale and under a sale in pursuance to a decree against the land for overdue taxes.

The evidence shows that this land was conveyed to Bissell by Valentine and A. L. Morgan in 1895, and that the Morgans held by mesne conveyances from the Government. This action was commenced by the railway company, which claimed the lands, and which alleged that they were wild, unimproved and unoccupied. Hardie and Bissell afterwards became parties to the action, and set up title in themselves, but neither of them denied the allegations in the complaint of the railway company that the lands were wild and unoccupied. The recitals in the decree show that the

chancellor based his judgment in favor of Bissell, not only on the fact that Bissell had title by these conveyances, but on the further fact, found by the chancellor, that Bissell under this claim and color of title had paid taxes continuously for more than seven years next before the bringing of the suit, three of the payments being subsequent to the act of 1899 above referred to.

Now, there is an order of the chancery court found in the transcript which sets out the evidence on which the case was submitted to the chancellor. This order immediately precedes the formal decree, and seems to have been intended as a part of that decree. It recites that Bissell introduced, with other evidence, "tax receipts from 1895 to 1902, inclusive, and record of tax payments prior to 1895." It further recites that Hardie, in addition to other evidence, introduced "the tax receipt record from 1869 to 1903 inclusive."

Now, neither a copy of these tax receipts nor a copy of the tax receipt record is found in the transcript. It is true that there is copied in the record what purports to be a report of the clerk as to payments of taxes on the land in controversy from 1882 to 1903 inclusive. The clerk certifies that this report contains "a true, correct and perfect copy of the tax payments" for the years therein mentioned as the same appears on the books of his office. This report may and probably does contain a correct statement of the facts in regard to the payment of taxes as shown by the records in the clerk's office. But, being only a report of what the clerk finds in the record, and not a certified copy of the record itself, it is not competent evidence of the contents of such record, and it is not the evidence which the decree or the order referred to recites was before the chancellor, and upon which he based his findings and decree.

If the evidence had shown that both of these parties paid taxes on this land the same year, then the first payment thereof would have been the legal payment of the taxes, for the collector had no right to accept two payments; but, as before stated, the tax receipts and tax receipt record, on which it seems the chancellor based his findings, are not before us, and we can not, in the absence of that evidence, review his findings of fact based thereon.

Counsel for appellant has filed an affidavit of the deputy

clerk tending to show that no tax receipts were read in evidence, while the appellee has filed a certificate of the chancellor which, appellee claims, shows to the contrary. But this affidavit and certificate are both matters outside of the record, and can not be considered on this appeal. We have to look to the record alone; and as the record recites that tax receipts and also the record of tax receipts were read in evidence, and as these are not found in the transcript here, we must presume that the chancery court had before it evidence which the transcript here does not contain.

In a case where the record showed that it did not contain all the evidence, this court held that it would presume that the evidence was sufficient to sustain the finding and decree of the chancellor. This presumption in favor of the decree, the court said, "prevails to the extent of curing every defect in the allegations of the pleadings which by reasonable intendment may be considered as having been proved." *Hershy* v. *Baer,* 45 Ark. 240.

Now, in the condition of the record before us we must take it as true that Bissell introduced tax receipts and evidence showing a continuous payment of taxes on the land in controversy by him for over seven years next before the commencement of this action, and that these payments of taxes were made under color of title and claim of ownership adverse to that of Hardie.

As there was no denial of the allegation in the complaint that these lands were wild and unimproved, the continuous payment of taxes for the period named in the statute under color and chain of title thereto was sufficient to uphold the finding of the chancellor that plaintiff was the owner of the lands. *Towson* v. *Denson,* 74 Ark. 303.

The contention of appellant that this statute does not apply for the reason that the land was forfeited to the State for nonpayment of taxes in 1894, and that the State was the owner of the land from then until 1899, is of no force, for the reason that the State afterwards conveyed its title to the railroad company, and that company conveyed it to Bissell. If the forfeiture to the State was valid, then Bissell is the owner by virtue of that title. On the other hand, if this forfeiture to the State was invalid, then the title was never in the State, and the mere fact that the State claimed the land did not prevent the statute from running against the real owner.

If we treat the answer of Hardie as a counterclaim, no advantage of the fact can be taken that no reply was filed thereto. No judgment was asked for want of a reply. The parties treated the matters alleged therein as controverted, and we must treat them in the same way.

There are other points discussed; but, as the view we take of the record requires an affirmance, it is unnecessary to discuss them.

Judgment affirmed.