DENT v. PEOPLES BANK OF IMBODEN.

## Opinion delivered September 28, 1914.

1. APPEAL—RULE ON STENOGRAPHER—PRACTICE.—The Supreme Court will not issue a rule on the stenographer in the circuit court to require him to furnish a transcript of the oral testimony taken in a cause; the remedy to require a transcript to be filed is in the circuit court.

2. APPEAL—BILL OF EXCEPTIONS—TIME FOR FILING IN THIRD CIRCUIT.—A bill of exceptions was prepared and submitted to the trial judge for approval, and was lost. *Held*, appellant within the time allowed by the court may have prepared a bill of exceptions containing his own recital of the oral evidence taken, and have the same approved by the judge, or, the action being in the Third Circuit, he may file a skeleton bill of exceptions under the terms of the special statute and later get the transcript of the stenographer's notes.

3. APPEAL—BILL OF EXCEPTIONS—THIRD CIRCUIT.—After the expiration of the time allowed for filing a bill of exceptions, in the Third Circuit, it is too late to incorporate a recital of the oral proceedings, except by a transcript made by the stenographer and approved by the judge.

Appeal from Lawrence Circuit Court; *H. L. Ponder,* Special Judge; motion overruled.

*G. G. Dent, pro se.*

PER CURIAM: Appellant filed a motion in which he alleges that from causes over which he had no control he has been unable to perfect the bill of exceptions in this case. The judgment appealed from was rendered by the circuit court of Lawrence County on September 5, 1913, and time (120 days) was given within which to prepare and file bill of exceptions. Appellant alleges that he was unable to procure a transcript from the stenographer within the time specified, and filed a skeleton bill of exceptions; and that thereafter he procured the transcript and delivered the same to the special judge, who presided at the trial of the cause; that the trial judge failed to return the transcript to him, but lost it; and that when he applied to the stenographer for another transcript, he found that the stenographer's notes had been lost, and that the stenographer, for that reason, was unable to fur-

nish another transcript. This occurred after the expiration of the time allowed for filing the bill of exceptions, and appellant is therefore left with only a skeleton bill without any record of the oral proceedings.

(1) He is not very definite as to the relief which he asks, but he does ask that the special judge, the stenographer, and the clerk of the court be cited to appear and make disclosures as to the lost papers. The allegations of the motion are to the effect that the stenographer's transcript and his notes have both been lost, and it would avail nothing to cite the officers named to appear here for disclosure. At any rate, this court has no authority over the stenographer, and the remedy to require a transcript to be filed, if the notes could be found, would devolve upon the circuit court.

The special statute in force in the judicial circuit whence this appeal comes provides that the appellant in the case "may file a skeleton bill of exceptions with the clerk without incorporating therein the stenographer's transcript, when said transcript has not been prepared and approved by the court or judge thereof, within the time allowed by law for filing the bill of exceptions, and the clerk shall insert said stenographer's transcript as, and after, same has been approved by the court or judge thereof, in the record of the Supreme Court, when the same is filed by the stenographer." Act No. 325, Session of 1911.

In the case of *Gibson* v. *Inman Packet Co.,* 111 Ark. 521, 164 S. W. 280, we held that under that statute, the stenographer's transcript, when approved by the judge, could be filed within the year allowed for an appeal.

(2-3) Appellant, within the time allowed by the trial court for filing the bill of exceptions, could have prepared a bill of exceptions containing his own recital of the testimony, and had that approved by the judge, or he had the right to file a skeleton bill of exceptions under the terms of the special statute, and later get the transcript of the stenographer's notes. After the expiration of the time allowed for filing the bill of exceptions, it was

too late to incorporate a recital of the oral proceedings, except in the manner prescribed by the special statute; that is, by the transcript made by the stenographer and approved by the judge.

Since it has become impossible for the stenographer to furnish another transcript, and the one prepared and delivered to the trial judge was never approved and has been lost, there appears to be no relief for appellant unless it be by an action in the chancery court to compel the appellee to submit to a new trial, as pointed out in several decisions of this court. *Kansas & Arkansas Valley Railroad Co.* v. *Fitzhugh*, 61 Ark. 341; *Little Rock & Hot Springs Western Rd. Co.* v. *Newman*, 73 Ark. 555; *Missouri & North Arkansas Ry. Co.* v. *Killebrew*, 96 Ark. 520. Whether the facts will justify relief in that direction, we are not called on now to decide. It is sufficient to say that under the facts stated in the motion, no relief can be granted here in the way of requiring the record to be perfected.

The motion is therefore overruled.