### WEBBER *v.* RODGERS.

### Opinion delivered March 5, 1917.

APPEAL AND ERROR—REQUEST BY ONE SIDE FOR INSTRUCTED VERDICT ONLY.—Where only one of the litigating parties requested the court for a peremptory instruction without asking for other instructions on the issue, the trial court will not be justified in refusing to submit the issue to the jury.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*John Mayes,* for appellant.

1. The attachment should have been sustained. 76 Ark. 513. The gift was in fraud of creditors. 101 Ark. 578; 56 *Id.* 73; 50 *Id.* 46; 73 *Id.* 174; 76 *Id.* 509; 74 *Id.* 161.

2. It is error to direct a verdict where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed. 89 Ark. 368; 84 *Id.* 57; 62 *Id.* 63; 36 *Id.* 451.

3. The gift to the son was void as a fraud upon creditors. 56 Ark. 73, and cases cited, *supra.*

*R. J. Wilson,* for appellee.

1. Appellee was solvent and the property was exempt from legal seizure. The gift was not void. 52 Ark. 547; 54 *Id.* 193; 57 *Id.* 331; 21 *Id.* 387; 23 *Id.* 435; Ware (U. S.) 474; Wood on Master & Servant, 15-19, note 1, p. 19; 28 Ark. 82.

2. If a debtor's obligations are small in comparison with the property retained, sufficient to pay his debts, he may make a valid gift. 101 Ark. 573; 8 *Id.* 470; 23 *Id.* 494; 29 *Id.* 407; 56 *Id.* 73. The question of fraud depends on the circumstances of the case. 23 Ark. 494; Freeman on Ex., § 140; 26 Ark. 20.

3. A father may permit his son to use his own earnings. 23 Ark. 435. See also 10 Ark. 211; 66 *Id.* 409; 80 *Id.* 525; 91 *Id.* 122; 31 *Id.* 429.

4. There was no error in directing a verdict. Appellant moved the court for a verdict, and if there was any error it was invited. It was the duty of the court to pass upon the attachment.

SMITH, J. This suit was commenced in the court of a justice of the peace upon a promissory note, upon which, after allowing certain credits, there was a balance alleged to be due, with the interest thereon, of $77.67. Ancillary to this suit, there was an attachment against appellee, who was the defendant below, upon the ground that he was a nonresident of the State. It is admitted that appellee was then and is now a nonresident of the State. But the attachment was resisted upon the ground that appellee was not the owner of the horse, bridle and saddle which constituted the attached property. An interplea was filed by appellee's son, who claimed to be the owner of the property. The cause was tried in the court below before a jury, and, when the evidence was all in, appellant, who was the plaintiff below, asked the court to direct the jury to return a verdict in his favor for the amount sued for, and to sustain the attachment.

The defendant requested the court to give two instructions, the first of which related to the debt, and the second to the attachment, but both were refused. Thereupon the court charged the jury as follows: "Gentlemen of the Jury: After listening to this case as carefully as the court could, and taking into consideration all the evidence in this case, and all the facts surrounding the case, I feel it is the duty of this court to direct a verdict in

this case. The court does not do it to invade the province of the jury, but I think it absolutely just and fair, under the facts in this case, for the court to direct a verdict in, favor of the plaintiff, and against the defendant, upon this note sued on, for the balance, whatever it is. I think it is equally true and just for the court to direct the jury to dissolve this attachment. I do not believe the attachment could be sustained. I think the father gave this mare to his boy, just like he said, to encourage the boy and get him to be a better boy at home. He did that when he went home, I think. He did not know at that time there would be any trouble about this note. I say I think the attachment should be dissolved, and I direct you to dissolve the attachment, and direct you to find a verdict against the endorsers here for the balance you find due upon the note.''

This record does not present the question of the trial of an attachment alone, but of the right of the interpleader to the attached property. It was held in the case of *VonBerg* v. *Goodman,* 85 Ark. 605, that the court, and, not the jury, should pass upon an attachment, although it was there said that the court might submit the question to the jury and that it was not error so to do. But this practice does not obtain in the trial of an interplea. That is triable before the jury, and is usually tried as an issue independent of the attachment, in the trial of which the interpleader is given the right to open and close the argument, as having the burden of proof. *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556.

The interpleader was a boy sixteen or seventeen years old, and testified that, with his own earnings, he had purchased the attached bridle and saddle, and that his father had given him the horse to induce him to remain at home and assist him in making and gathering his crop. The defendant corroborated this statement. It was contended, however, by appellant that the attached property belonged to the defendant, who was not only a nonresident, but that he was also insolvent, and that any gift of property by him to his son was presumptively

fraudulent. Defendant admitted that he was a nonresident, and the proof is sufficient to sustain a finding that he was also insolvent.

It is not denied that the record presents such a state of facts as that a jury might have found for the plaintiff upon the interplea; but it is said that, inasmuch as he requested the court to direct a verdict in his favor, and did not request the court to give any other instruction, he thereby consented to the submission of the trial of this question of fact to the court, and that the finding of the court will be treated as would have been the verdict of the jury, and that, inasmuch as there was evidence which would have sustained a verdict in favor of the interpleader, we must now affirm the court's direction to that effect. It is said that this is the effect of the decision of this court in the case of *St. Louis Sw. Ry. Co.* v. *Mulkey*, 100 Ark. 71, as applied to the facts of this case. In that case it was said: "It is also true that the parties had the right to waive a jury and submit the matter to the court for trial in the first instance, and, each having requested the court to direct a verdict in his favor, and not having requested any other instruction, they in effect agreed that the question at issue should be decided by the court, and waived the right to the decision of a jury, and the court's decision and direction has the same effect as would have been given to the verdict of the jury upon the question at issue, without such direction."

A number of cases are cited in that opinion to support that declaration of the law. Among the cases so cited is the case of *Love* v. *Scatcherd*, 77 C. C. A. 1, to which case there is appended a note collecting the cases upon this subject. This note cites a number of cases which support this declaration of the law. Chief among these are cases in the Federal courts and in the State of New York. It appears from this note, however, that the courts are not unanimous in so holding, and that courts of the highest authority hold that, though both parties move for a directed verdict, neither, as against the motion of the other, waives the right of submission to a jury. However,

we are committed to the contrary view, and we reaffirm the doctrine of our own case. This case has been approved in the following later decisions: *St. L., I. M. & S. Ry. Co.* v. *McMillan,* 105 Ark. 25; *Belding* v. *Vaughan,* 108 Ark. 69, 72; *Home Fire Ins. Co.* v. *Wilson,* 109 Ark. 324, 326; *Sims* v. *Everett,* 113 Ark. 198, 201; *Gee* v. *Hatley,* 114 Ark. 376, 380; *Supreme Tribe of Ben Hur* v. *Gailey,* 117 Ark. 145, 151; *Ozark Diamond Mines Corporation* v. *Townes and Garanflo,* 117 Ark. 552, 554; *Hill* v. *Kavanaugh,* 118 Ark. 134, 136; *St. L., I. M. & S. Ry. Co.* v. *Ingram,* 118 Ark. 377, 388; *Nutt* v. *Fry,* 119 Ark. 450, 454.

In each of these cases it will be observed that attention was called to the fact that both parties requested the court to direct a verdict each in his own favor, and neither requested any other instruction. This condition obtained in all of the cases cited by the court in the *Mulkey* case, *supra,* and in all of the cases quoted in the note to the case in 77 C. C. A., *supra,* and so far as we are advised no court has ever applied this rule except where the request was made by both parties to the litigation. We are not impairing the authority of our *Mulkey* case, *supra.* We are only declining to extend the doctrine of that case. The courts which approve this practice do so upon the theory that the request for a directed verdict, unaccompanied by any request for other instructions, or for the submission of any issue of fact to the jury is tantamount to a request that the court find the facts, or to an agreement that there are no disputed questions of fact to be found. But, so far as we are advised, no appellate court has held that the trial court may withdraw the submission of a case from the jury, and decide controverted questions of fact, simply because one of the litigants requests the court to direct a verdict in his favor. To so hold would either deny the right of trial by jury, on the one hand, or would prevent a litigant from asking a directed verdict, on the other, and would tend to prevent litigants from ever submitting the question of the legal sufficiency of evidence to the court. This practice would encourage litigants, in all cases, to go to the jury and obtain a verdict'

there, and would, consequently, lengthen the time of trials; and it does not appear to be a practice to be approved.

For the error of the court in refusing to submit the contention of the appellant upon the right of the interpleader to the attached property, the judgment must be reversed, and the cause will be remanded for a trial upon that issue.

McCULLOCH, C. J., dissenting. The rule established by the decision of this court in *St. L. Sw. Ry. Co.* v. *Mulkey,* 100 Ark. 71, is that a request for a peremptory instruction, unaccompanied by a request for other instructions of law upon which the issues are to be submitted to the jury, is tantamount to an agreement for the court to decide the issues and constitutes a waiver of the right to go to the jury on the issues of fact. The waiver results, if at all, from the act of the party himself in asking for a directed verdict, and not from what his adversary does or fails to do. There need not be mutuality in the waiver. It is not based on the mutual agreement of the parties, but on the separate acts of each, and when one party moves the court to direct a verdict he thereby waives the right to go to the jury whether the other party joins in the waiver or not. Such is the effect of the rule laid down in the *Mulkey* case. I think the rule there laid down was wrong, and that it is against the very great weight of authority, but the case has been followed many times by this court and the practice under it has become firmly established. It seems to me to be thoroughly illogical to say that the waiver must be joint in order to be effectual. It is true, as stated in the opinion of the majority, that no court has ever held that the request of only one of the parties for a directed verdict constitutes a waiver of the submission of the issues to the jury, but it is equally true that the point has never been raised in any of the reported cases.