A. B. Smith Lumber Company *v.* Portis Brothers.

Opinion delivered October 27, 1919.

1. Trial—continuance—absence of witness in military service of the government.—Appellees brought suit against appellant on account, the issues were made up, but when the case was called the court granted appellant's motion for a continuance on the ground of the absence of a material witness who was in the service of the military branch of the United States Government. At the next term of court appellant moved for a continuance on the same ground. *Held,* the trial court properly refused to grant a continuance, because appellant had failed to exercise due diligence to secure the said witness' deposition.

2. Trial—request by defendant for directed verdict—submission of cause to the court.—Where appellant asked only for a directed verdict, and the court gave a peremptory instruction in favor of the appellee, it is tantamount to a submission of the case to the court, and the court's finding becomes a verdict, as much as if it had been rendered by a jury upon the issues and evidence.

3. Same—same—same.—Where both parties to an action request only a directed verdict, the issue will be treated as submitted to the court, sitting as a jury, and on appeal, the question is

whether there was any legal evidence to support the finding of the court, and not whether there was sufficient evidence to warrant the court sending the case to the jury.

Appeal from Poinsett Circuit Court, First Division; *R. H. Dudley,* Judge; affirmed.

*C. T. Carpenter,* for appellant.

1. It was reversible error to refuse the continuance. Eaker was defendant's only witness; he could not be present; due diligence was used to have him present and to procure his deposition. 9 Cyc. 105.

2. It was error to take the case from the jury and direct a verdict for plaintiffs. The undertaking was collateral and within the statute of frauds, and the question was one for a jury. 97 Ark. 438; 76 *Id.* 88; 99 *Id.* 490. Where there is any evidence tending to establish the issue, it is error to take the case from the jury. 63 Ark. 94; 77 *Id.* 556; 103 *Id.* 425; 108 *Id.* 574; 98 *Id.* 334; 11 Wall. 438.

*R. P. Maddox,* for appellee.

1. All the evidence shows that the account was an original undertaking and not within the statute of frauds. 76 Ark. 1. There was no case for a jury.

2. The continuance was properly refused. Due diligence was not shown and the supplemental motion did not comply with Kirby & Castle's Digest, section 7613. There was no abuse of discretion by the court. 71 Ark. 62.

HUMPHREYS, J. On the 26th day of October, 1917, appellee instituted an attachment suit against appellant in the Poinsett Circuit Court, to recover $648.02 upon account.

Appellant answered, denying the indebtedness, and pleading the statute of frauds.

On May 6, 1918, a day of the May term of said court, appellant filed a motion for continuance on account of the absence of a witness, E. C. Eaker, who was in the military service of the United States and absent from the

State of Arkansas. A continuance was then agreed upon between the parties under a stipulation that appellant would file a cross-bond and waive all damages growing out of the attachment proceeding. The appellant complied with the stipulation, and the cause was passed until the December term, 1918, at which time appellant again asked for a continuance on account of the absence of the same witness, E. C. Eaker. On the same day, a supplemental motion for continuance was also filed. The substance of the allegations of the two motions was that E. C. Eaker was appellant's only witness, and, if present, would testify that the appellant was not indebted to appellee; that he, Eaker, did not buy the goods nor contract the indebtedness set forth in the complaint and itemized statement, nor authorize any one else to purchase the goods for appellant; and that no such proposition was discussed between Eaker and appellee; that the said Eaker was in the military service of the United States Government, and that his business, of lumber inspector, carried him from place to place in the United States; that Eaker was unable to get a leave of absence and attend the trial, and that diligent effort had been made to take his deposition. The motion was overruled by the court and exceptions were properly saved to the ruling by appellant.

The cause then proceeded to a hearing upon the pleadings and evidence. When the evidence was concluded, appellant requested a peremptory instruction, and no other. The court refused the instruction over the objection of appellant, and, on its own motion, instructed the jury to return a verdict in favor of appellees for the amount of the account, over the objection and exception of appellant. Thereupon, the jury returned the following verdict: "We, the jury, find for the plaintiffs in the sum of $648.02, together with interest thereon from the 19th day of July, 1917, at the rate of six per cent. per annum."

The court rendered judgment in accordance with the verdict, from which an appeal has been duly prosecuted to this court.

(1)  It is insisted by appellant that the court committed reversible error in refusing to grant a continuance. The court granted a continuance at the preceding term on account of the absence of the same witness.  While the witness was in the military service, he remained in this country.  The issues were made up more than a year before the case was tried.  Appellant understood the need of the witness from the time the suit was instituted.  Under the proof offered to sustain the motion, the only attempt to take the deposition of the witness consisted in counsel for appellant mailing a set of interrogatories to counsel for appellee.  We think appellant failed to show due diligence in getting the deposition of the witness, and, for that reason, the court did not abuse its discretion in overruling the motion for continuance.

(2)  Appellant insists that there was sufficient evidence in the record to warrant the jury in drawing the conclusion that the undertaking on the part of appellant was collateral and not original, and, for this reason, the cause should have been sent to the jury under appellant's plea that the contract was void under the statute of frauds. Appellant invokes the rule that "when the testimony on a material issue is such that different conclusions might reasonably be drawn, the issue is for the jury."  *St. L., I. M. & S. R. Co.* v. *Coleman,* 97 Ark. 438.  This rule, however, is not applicable in the instant case, because, at the conclusion of the evidence, appellant itself asked for a peremptory instruction, and the court, on its own motion, gave a peremptory instruction for appellee.  The request for a peremptory instruction by appellant and the giving of the peremptory instruction by the court for the adverse party was tantamount to submitting the case to the court sitting as a jury, and the court's finding became a verdict as much so as if it had been rendered by a jury upon the issues and evidence.

(3)  It was said in the case of *St. Louis S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71, that "it is also true that the parties had the right to waive a jury and submit the matter to the court for trial in the first

instance, and, each having requested the court to direct a verdict in his favor, and not having requested any other instruction, they in effect agreed that the question at issue should be decided by the court, and waived the right to the decision of a jury, and the court's decision and direction has the same effect as would have been given to the verdict of the jury upon the question at issue, without such direction.'' The action of the parties and court brought the instant case within the rule announced in the Mulkey case, *supra*. So the question presented by this record is not whether there was sufficient evidence in the record to warrant the court in sending the case to the jury upon the issue of whether or not the undertaking was collateral, but the question is, Was there any legal evidence to support the finding of the court that the undertaking was original? The record disclosed that appellant was a lumber company and that appellees were merchants; that E. C. Eaker, representing appellant, bought a lot of piling from Charles McRiley; that as a part of the purchase price, he paid McRiley's mercantile account to appellees with a draft on appellant company; that he requested appellee to continue the credit to McRiley as before, as he had made arrangements to buy McRiley's output of piling; that appellee refused to do so without security; that Eaker then told him to let McRiley have goods to the amount of $400 every two weeks, and he would pay for them. Charles McRiley gave testimony to the same effect. There was, therefore, sufficient legal evidence in the record to support the finding of the court that the undertaking on the part of appellant was original.

No error appearing in the record, the judgment is affirmed.