SARTAIN, DOBSON & REESE, A CO-PARTNERSHIP, AND ROYAL INDEMNITY COMPANY, *Plaintiffs in Error,* v. BAY COUNTY, FLORIDA, FOR THE USE AND BENEFIT OF MOUND CITY ROOFING TILE COMPANY, AND MOUND CITY ROOFING TILE COMPANY, *Defendants in Error.*

Opinion Filed March 5, 1924.

This case was decided by Division A.

1. The appellate court has no power to amend the record in any material way on appeal or writ of error.

2. The orderly way to procure the amendment of process or pleadings in the trial court is by motion and notice thereof served upon the opposite party as to the time and place when the motion shall be called up for consideration.

A Writ of Error to the Circuit Court for Bay County; D. J. Jones, Judge.

Judgment reversed.

*J. M. Sapp,* for Plaintiffs in Error;

*E. Dykes* and *Harlon L. Stewart,* for Defendants in Error.

ELLIS, J.—A writ of error was taken to a final judgment entered by the Clerk of the Circuit Court for Bay County upon an entry of default against the plaintiffs in error, who were defendants below, for failure to plead or demur to the declaration.

The assignments of error attack the validilty of an order allowing the plaintiff, Mound City Roofing Tile Company,

after declaration filed to amend the summons ad respond-
endum by adding the name of "Bay County, Florida, for
the use and benefit of Mound City Roofing Tile Company"
as joint plaintiff. The plaintiffs in error say that the
motion was granted without notice to them and that the
record discloses that the motion itself was not filed until
June 5, 1922, while the order was made May 13, 1922,
more than twenty-two days before.

The defendants in error have moved this Court to permit
the amendment and correction of the transcript to show
that the motion was filed on May 13, 1922, instead of
June 5, 1922. The Clerk swears that the motion was
delivered to him on May 13th and was placed by him
among the "papers" until the following rule day when
the "dating stamp was affixed."

In the absence of a statutory provision the general rule
is that the appellate court has no power to amend in any
material way the record on appeal or writ of error. See
Hagerman v. Moon, 68 Ark. 279, 57 S. W. Rep. 935; Clare
v. Sacramento Electric Power & Light Co., 122 Cal. 504,
55. Pac. Rep. 326; Smith v. Goets, 20 Ind. App. 142, 49 N.
E. Rep. 386; Gardner v. Burlington C. R. & N. Ry. Co.,
68 Iowa 588, 27 N. W. Rep. 768; 2 Stand. Ency. of Proc.
381.

The error desired to be corrected, however, was a mere
clerical one and may be disregarded. It is apparent from
the Court's order that the motion was before the judge
and therefore on file, unless made *ore tenus*, when the
order was made; but that the motion was submitted and
disposed of without notice to the defendants presents a
more serious question.

The record contains no evidence that the defendants
had any notice of the motion to amend the summons nor
when the same would be submitted to the Court. They

had on the 3rd day of April filed their motion to strike the declaration from the files upon the ground that the name of "Bay County" appeared in the declaration as the name of a plaintiff in the case while the defendants had not been summoned to answer an action by any such plaintiff. That motion had not been disposed of when on the 13th of May the Mound City Roofing Tile Company moved to amend the summons. The default was entered by the Clerk while the defendants' motion was still pending.

It is contended that as the county was only a nominal plaintiff no injury could possibly result to the defendants by allowing the amendment of the writ. That may be true, but the orderly way to have procured the amendment was by giving notice of the motion, when the same would be called up for consideration; and the default, if desired, while the defendants' motion was still pending should have been obtained upon an order of the Court. See Rule 12 Rules of Circuit Courts—Law Actions; Eldridge v. Wightman, 20 Fla. 687; Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502.

The motion of the defendants to strike the declaration cannot be said to be wholly frivolous and without merit on its face. The Mound City Roofing Tile Company, the real party in interest, could maintain the action against the Royal Indemnity Company as one of the defendants only by virtue of the statute, Sec. 3533, Revised General Statutes, and could do so only in the name of the county. See McCrary Co. v. Dade Co., 80 Fla. 652, 86 South. Rep. 612.

The judgment is reversed with leave to the defendants to be heard upon the motion to amend the summons within ten days after the filing of the mandate in the Circuit Court, or at such other time as may suit the convience of

the Circuit Judge and for such other proceedings as may
be proper.

TAYLOR, C. J., and BROWNE, J., concur.

WHITFIELD, P. J., and WEST and TERRELL, J. J., concur
in the opinion.