GILL *v.* BURKS.

4-7366                    180 S. W. 2d 578

Opinion delivered May 22, 1944.

G. W. *Lookadoo*, for appellant.

D. D. *Glover*, for appellee.

KNOX, J. At the close of the testimony in this cause the court directed a verdict against appellant, saying: "Gentlemen of the jury, the parties to this suit asked the court to give peremptory instructions in their behalf, so that left the case up to me to decide, . . ."

The bill of exceptions, signed and approved by the trial judge and included in the transcript filed here, discloses that appellant requested a peremptory instruction in his favor, and also asked an additional instruction which, if given, would have submitted to the jury for its determination one material issue of fact. Other than appellant, there were four parties to this action, each having divergent interests therein. The bill of exceptions does not contain a requested peremptory instruction submitted by any of such parties, nor does it anywhere recite that any of such parties moved for a directed verdict, or otherwise requested the court to withdraw the case from the jury and decide the issues of fact. The only words in the bill of exceptions indicating that such requests were made by parties other than appellant are the words above quoted from the court's charge to the jury.

After this appeal was lodged in this court, appellee filed a motion to amend and correct the bill of exceptions. Attached to the motion was a certificate or affidavit of the trial judge which tended to support appellee's contention that the bill of exceptions did not reflect the true facts. Appellant filed a response controverting the allegations set out in the motion. Because affidavits and certificates which are outside of the record, even though made by trial judges, cannot be considered on appeal (*Hardie* v. *Bissell,* 80 Ark. 74, 94 S. W. 611) and because under our practice, in the absence of an agreement by the parties, applications for correction of a record must be first addressed to the trial court from which such record proceeded (*Hagerman* v. *Moon,* 68 Ark. 279, 57 S. W. 935; *Hanson* v. *Anderson,* 91 Ark. 443, 121 S. W. 736; *Dent* v. *Peoples Bank,* 114 Ark. 261, 169 S. W. 821) we overruled appellee's motion to correct the record, without prejudice to his right to make application to the trial court. Nothing has been subsequently filed here

disclosing that the trial court has taken any action in the matter, and we must, therefore, accept as conclusive matters which are, and wholly disregard matters which are not, properly incorporated in the original transcript filed in this appeal. In short, therefore, we must proceed upon the assumption that appellant alone moved for a directed verdict, and that contemporaneous therewith, or subsequent thereto, but before the court had actually directed a verdict against him, he requested an additional instruction.

The facts giving rise to this litigation are long and complicated. Generally they concern various transactions relating to the transfers of possession, and attempted transfers of title to several head of hogs. Some, but doubtless not all, of the questions involved in the final determination of the rights of the respective parties relate to (1) right and title acquired by auctioneer who pays sales price less commission to owner after animals have been struck off and sold, but before purchaser pays auctioneer therefor; (2) effect of title retention condition printed on invoice initialed but not signed by one acquiring rights of original bidder at auction sale where such person testifies he did not see such condition on invoice, but understood that such provisions were generally customary; (3) whether auctioneer had by subsequent conduct waived right to assert title if any he had; (4) whether an agreement was entered into by all parties in interest that hogs might be finally sold and proceeds held to await determination of the rights of the parties.

It appears to us, therefore, that the rights of the respective parties to this litigation turn upon determination of disputed questions of fact, or mixed questions of law and fact; that there is no established and uncontroverted fact, or set of facts, disclosed by the record here which is or would be determinative of this litigation. A detailed statement of the facts would unduly extend this opinion, and serve no useful purpose. Suffice it to say that there is in the record evidence substantial in character which when viewed in the light most favorable to

appellant would have been sufficient to support a verdict returned in his favor.

Ordinarily the proper procedure under such circumstances is to submit such controverted questions of fact to the jury, under proper instructions of the court respecting the law relating thereto.

This court has repeatedly held that, where each of the parties to an action requests the court to direct a verdict in his favor and request no other instruction, they in effect agree that the question at issue should be decided by the court, and that they thereby waive the right to a decision by a jury and consent that the findings of the court shall have the same effect as the verdict of the jury. *St. L. S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71, 139 S. W. 643; Ann. Cas. 1913C, 1139; *Gee* v. *Hatley,* 114 Ark. 376, 170 S. W. 72; *Webber* v. *Rodgers,* 128 Ark. 25, 193 S. W. 87; *Marion Mch., Fdy. & Sup. Co.* v. *Federal Oil Mkt. Corp.,* 188 Ark. 652, 67 S. W. 2d 598; *Holloway* v. *Parker,* 197 Ark. 209, 122 S. W. 2d 563, 119 A. L. R. 1359; *Mo. Pac. R. Co.* v. *Clay,* 205 Ark. 300, 168 S. W. 2d 621; *Stewart* v. *Hedrick,* 205 Ark. 1063, 172 S. W. 2d 416.

In the case of *Holloway* v. *Parker, supra,* it was held that notwithstanding the motion by each party for a directed verdict it was still within the discretion of the court to submit the issue to the jury.

In the case of *Gee* v. *Hatley, supra,* the court said: "To authorize the court to withdraw from the jury the consideration and determination of the jury the questions of fact involved in the litigation, it is essential that, at the conclusion of all the evidence in the case, the plaintiff and defendant should each request the court to direct the verdict, and this request must not be accompanied by any request for instructions to the jury which would require the jury to determine the controverted question of fact."

In the case of *Webber* v. *Rodgers, supra,* it was held (quoting syllabus): "Where only one of the litigating parties requested the court for a peremptory instruction without asking for other instructions on the issue, the

trial court will not be justified in refusing to submit the issue to the jury."

In the case of *Smith Lumber Co.* v. *Portis Bros.*, 140 Ark. 356, 215 S. W. 590, the court appears to have deviated from the rule announced in the cases of *Gee* v. *Hatley* and *Webber* v. *Rodgers, supra,* and held that the sole movant for a directed verdict could not complain if the court on its own motion decided disputed issues and directed a verdict against him. Since that time, however, the two cases last mentioned, and particularly the case of *Webber* v. *Rodgers,* have been cited with approval by this court on repeated occasions, while the case of *Smith Lbr. Co.* v. *Portis Bros., supra,* has not been cited. It is true that in none of the later cases, which cited the two cases referred to, do we find the situation where the motion for directed verdict has been made by only one party, but in all of the later cases where the court announced the rule it declared one of the conditions essential for application thereof to be that the motion must be made by each of the parties to the litigation. It appears, therefore, that the court has long since returned to and now adheres to the rule announced in *Gee* v. *Hatley* and *Webber* v. *Rodgers, supra,* and that in effect the rule announced in *Smith Lbr. Co.* v. *Portis Bros., supra,* has been overruled.

As before stated, the bill of exceptions discloses that although appellant moved for a directed verdict he also requested an additional instruction. It has been repeatedly held that though both parties request peremptory instructions, yet where one requested another instruction submitting the issue to the jury he will not be deemed to have waived his right to have the issue decided by the jury. *Bus. Men's Accident Ass'n* v. *Sanderson,* 144 Ark. 271, 222 S. W. 51; *St. L. I. M. & So. Ry. Co.* v. *Ingram,* 118 Ark. 377, 176 S. W. 692; *Pac. Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; *Jerome Hardwood Lbr. Co.* v. *Davis Bros. Lbr. Co.,* 161 Ark. 197, 255 S. W. 906; *Mo. Pac. Ry. Co.* v. *Clay, supra.*

The right to have the cause submitted to the jury is not lost although the request for additional instructions

is not made until after the court has denied such parties' request for a directed verdict, and indicated his intention to direct a verdict in favor of his adversary. *Pac. Mut. Life Ins. Co. v. Carter, supra; St. L. I., etc., Co. v. Ingram, supra.*

Since the bill of exceptions does not contain a requested instruction, or other motion, for a directed verdict on the part of the parties to this litigation other than appellant, and also because appellant in apt time requested an additional instruction, and since the proper disposition of the controversy must of necessity rest upon a determination of one or more disputed questions of fact, concerning which there is in the record sufficient substantial evidence to support a finding of the jury in favor of appellant thereon, the court erred in failing to submit the issue to the jury. For such error the judgment is reversed, and the cause remanded for a new trial.