BOSHEARS *v.* JOHNSON.

Opinion delivered November 27, 1911.

1. APPEAL AND ERROR—WAIVER OF OBJECTION TO INSTRUCTION.—An exception to the court's charge, saved at the trial but not carried into the motion for new trial, will be treated upon appeal as abandoned. (Page 123.))

2. SAME—WHEN REFUSAL OF INSTRUCTION HARMLESS.—The erroneous refusal of an instruction asked is not prejudicial where the same issue was covered by another instruction given. (Page 123.)

3. SAME—CONCLUSIVENESS OF VERDICT.—The verdict of a jury will not be disturbed where there is substantial evidence to support it. (Page 124.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; affirmed.

*J. S. Jordan* and *G. B. Oliver*, for appellant.

*J. N. Moore*, for appellee.

1. Where exceptions to an instruction are not preserved by making them a ground of the motion for a new trial, they are thereby waived, and will not be considered on appeal. 67 Ark. 541; 1 Crawford's Dig. "Appeal and Error," IV, b.

2. There was no error in refusing to give instruction 1 requested by appellant. The court in other instructions construed the lease and told them its legal effect upon the parties as influenced by their finding of facts. Moreover, the refusal to give it was not prejudicial because the jury found a state of facts which made it inapplicable in their finding that Johnson had fulfilled the conditions of the lease. 54 Ark. 4; 58 Ark. 513; 60 Ark. 76; 50 Ark. 68.

HART, J. This suit was begun before a justice of the peace by Mrs. J. Johnson against L. Boshears and J. M. Hawks. The trial there resulted in a verdict for the defendants from which the plaintiff appealed. On a trial *de novo* in the circuit court, there was a verdict and judgment for the plaintiff, and the defendant, Boshears, has appealed to this court.

The complaint alleges that during the early part of the year, 1908, the plaintiff, as the widow of John Johnson, deceased, sold and delivered seed cotton to the value of $107.35 to the defendant, J. M. Hawks, and said defendant refused and failed to pay plaintiff for the same for the reason that his co-defendant, L. Boshears, instructed him not to do so. She further alleges that the cotton was raised by the said John Johnson in his lifetime, and that she is his widow, that the amount herein sued for, together with all the rest of the personal property left by him, does not exceed the sum of $300, and by the statutes of this State the said sum is her property.

The defendant, L. Boshears, for answer to the complaint, admits that the plaintiff is the widow of John Johnson, deceased, and that said cotton was raised by him in his lifetime. He admits that all the personal property left by said John Johnson at the time of his death did not exceed in value the sum of $300, but he denies that the plaintiff is entitled to the amount claimed or to any other amount. Further answering, the defendant states that on the 31st of January, 1907, he entered into a written contract with the said John Johnson, by which he

rented to Johnson certain lands for the year, 1907, at a stipulated price; that by one of the provisions of said contract said Johnson agreed to clear and put into cultivation a stated number of acres of land, and that said Johnson was to pay him the sum of five dollars per acre for all the land not put in cultivation, and that the same should be added to the rent, and should become a lien on the crop of said Johnson for payment of the rent.

L. Boshears testified as follows: "John Johnson cultivated my land during the year 1907, under the contract that was read to the jury. Some time about the last of October or first of November of that year, I had a settlement with Johnson. I can not figure very well, and Mr. J. R. Bowen made the settlement between us. I was standing by the stove in the store of Hawks in the town of Corning when Bowen and Johnson made the settlement. After Bowen had made the settlement with Johnson, I saw Johnson the same evening, and he said it was all right. Johnson said he had told Bowen to pay me the amount of the settlement ($107.35), out of the proceeds of his cotton held by Hawks."

J. R. Bowen testified: "During the latter part of the year 1907, I was bookkeeper for J. M. Hawks, some time in the latter part of October or the first of November, 1907, I made a settlement between L. Boshears and John Johnson. The settlement was made in the storehouse of Hawks in the town of Corning. I made the figures from data given me by Boshears. Johnson made no objection to any of the items, and the settlement showed that Johnson owed Boshears $107.35. I gave Johnson the papers containing the items when the settlement was finished. I have not seen the statement since. Johnson agreed to the figures made by me, and said he would pay it when he could, or that he would pay it out of the cotton. I don't remember the exact words he did use."

Other testimony was introduced by the defendant tending to show that Johnson failed to cultivate in a good and proper manner the land which he agreed to clear and cultivate.

Mrs. J. Johnson, for herself, testified: "I am the widow of John Johnson. He died on the 27th of November, 1907. My husband took sick some time in October, about the first, I think. He was never able to go out in the field and help

about the crop after the 10th inst.  He was never in Corning after that time.  We had five children.  My children and I picked out the crop, hauled it to Corning, and delivered it to Mr. Hawks.  Other evidence introduced by her tended to show that her husband had cultivated the crop in a good and proper manner.

Counsel for the defendant first contend that the court erred in giving instruction No. 6 to the jury.  It is not necessary to set out this instruction or to comment upon it.  It is sufficient to say that the action of the court in giving this instruction was not made the ground of motion for a new trial. It is well settled that an exception to the court's charge, saved at the trial  but not carried into the motion for a new trial, will be treated upon appeal as abandoned.  *Burris* v. *State,* 73 Ark. 453; *Singer Mfg. Co.* v. *W. D. Reeves Lumber Co.,* 95 Ark. 363.

Counsel for defendant next insist that the court erred in refusing to give instruction No. 1 asked by them.  In it the court was asked to tell the jury that by the terms of the contract between Johnson and Boshears it was agreed that defendant should have a lien on any crop raised on any other land to secure the payment of any sum that might become due for failure to clear and cultivate certain parts of the land.  The provisions of the contract on this point are as follows:  "The following stipulations between the said Larry Boshears, party of the first part, and John Johnson, party of the second part, of the within and foregoing contract, and to be construed in law therewith, that, upon the failure of the said second party to clear and put into cultivation the said 15 acres of land mentioned herein, that he is to pay the first party the sum of $5 per acre for all of the said 15 acres not put into cultivation, and the same shall be added to the rent and become a lien on the crop of the said second party for the payment thereof for the year 1907."

We think the instruction in this respect was covered by other instruction of the court.  Instruction No. 4 given by the court expressly told the jury that if it should find from the evidence that the seasons were such that a reasonably prudent husbandman in exercising ordinary diligence could or would have grown a crop on this land, then deceased should have

grown a crop; and if he failed to do so, he is chargeable under the written contract.

Finally, it·is insisted by the counsel for the defendant that the undisputed testimony shows that there was a settlement between Johnson and Boshears in which it was found that there was a balance due Boshears by Johnson of $107.35, and that Johnson directed Hawks to pay Boshears that amount out of the proceeds of his cotton in the hands of Hawks. They both testified that this settlement took place in the storehouse of Hawks in the town of Corning during the latter part of October or the first of November. Mrs. Johnson testified that her husband became sick about the 1st of October, and was confined to his bed until his death; that he was never in Corning after the 10th of October. Hence it can not be said that the testimony of Boshears and Hawks is undisputed, because, if the jury believed the testimony of Mrs. Johnson, it might have inferred that Johnson was not in the town of Corning when Boshears and Bowen say the settlement was made.

The jury were the sole judges of the weight of the evidence and the credibility of the witnesses, and the law is well settled in this State that the verdict of the jury will not be disturbed where there is substantial evidence to support it.

The judgment will be affirmed.