## Wesley Daniels v. The State.

No. 2678.  Decided November 12, 1913.

**1.—Assault to Murder—Charge of Court—Manslaughter—Aggravated Assault.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of aggravated assault, the failure of the court to submit requested charges as to the criterion for a conviction of assault to murder, that malice, either express or implied, must exist, and if the killing would have been manslaughter, the offense could only be aggravated assault, was reversible error.

**2.—Same—Definition of Offense—Intent to Kill.**

In assault to murder, it makes no difference whether the malice is express or implied, as there are no grades in this offense, but unless there is such malice, the same would constitute manslaughter in case the killing had taken place, even if there was an intent to kill, and the court should charge on aggravated assault.

'3.—Same—Self-defense—Charge of Court.

Where the issue of self-defense was raised by the evidence, although not strongly, the court's failure to submit a charge thereon was reversible error.

4.—Same—Continuance—Practice on Appeal.

Where the judgment is reversed and the cause remanded on other ground, the motion for continuance need not be considered.

5.—Same—Argument of Counsel—Reversible Error When.

Where, upon trial of assault with intent to murder, the State's counsel used in argument matters which he would not have been entitled to prove and the effect of which was damaging to the defendant, the same was reversible error. Following Jenkins v. State, 29 Texas· Crim. App., 457, and other cases.

6.—Same—Evidence—Petition for Divorce.

Upon trial of assault with intent to murder, the State could not prove that defendant had brought suit for divorce against his wife, as this was not pertinent to the case.

Appeal from the District Court of Caldwell. Tried below before the Hon. Frank S. Roberts.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Coopwood,* for appellant.—On question of aggravated assault: Stewart v. State, 52 Texas Crim. Rep., 273, 106 S. W. Rep., 685; Gray v. State, 55 Texas Crim. Rep., 90, 114 S. W. Rep., 635; Davis v. State, 155 S. W. Rep., 546.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault with intent to murder John Dillard, his punishment being assessed at two years confinement in the penitentiary.

The shooting seems to have occurred about or had its origin in insulting remarks about appellant's wife as well as conduct towards her. The difficulty occurred upon the first meeting after appellant was informed of such words and conduct. Without going into the immediate details of the difficulty, there is evidence on the part of the defendant showing that Dillard in addition to matters above mentioned, acted in such manner as to provoke the difficulty or produce the occasion for it. This is denied by the State, however. Wherever evidence is pro and con on any given question arising on the facts of the case, it forms an issue which must be decided by the jury under appropriate instructions from the court as to the law governing such issue or issues. The court charged the jury upon the general definition of malice and murder in the second degree as a basis and predicate for conviction for assault to murder, but failed to charge the elements of manslaughter as a predicate for conviction of aggravated assault. Appellant excepted to the court's charge and requested charges submitting the following

questions of law to the jury: First, that as a criterion for a conviction for assault to murder the killing had it occurred would have been murder; second, had a killing resulted under such circumstances as would have authorized the jury to convict of manslaughter, the conviction could have been no higher than aggravated assault, the difficulty not having resulted in a homicide. It is also urged that the court should have given a charge on manslaughter as a predicate for conviction for aggravated assault if the jury had believed such to be the offense under the facts, and especially was this error in view of the fact that the court had charged upon murder in the second degree with its definitions. The court did not give the law with reference to manslaughter, nor did he charge the jury as a criterion of assault to murder that it would be an assault to murder had the killing been upon malice, nor did he charge the jury that it would have been aggravated assault if the killing had occurred under circumstances that would reduce the killing to manslaughter. We are of opinion under the facts of this case these exceptions are well taken, and upon another trial the court should submit these issues. It is not every intentional killing that constitutes murder. A voluntary and intentional killing may as well be manslaughter as murder. The grade of the homicide would depend, of course, upon the attendant circumstances. If the evidence brought it within the law of manslaughter, it would make no difference that he intended to kill; it still would be manslaughter because manslaughter is voluntary and intentional killing. To elevate it from manslaughter to murder, or from aggravated assault to intent to murder there must be malice, either express or implied, shown. It would make no difference whether the malice was express or implied if it in fact existed to constitute assault with intent to murder. There are no grades in assault to murder as there formerly was in murder.

We are of opinion if the facts developed by the defense upon another trial are as shown by this record, then appellant is entitled to the submission of the law of self-defense. The State denies this under its evidence, but the defendant's testimony raises the issue. Wherever an issue is raised, though it may not be strongly raised, yet if the facts suggest that issue and it is favorable to the defendant, it would be error on the part of the court to disregard it and not instruct the jury on that issue.

Appellant applied for a continuance. It is deemed unnecessary under the view taken of the case to discuss this question. Upon another trial the absent witnesses can be obtained.

Bills of exceptions were reserved to the argument of the prosecuting attorney. There are three of these bills. The first recites that in his closing argument the district attorney used the following language: "Gentlemen of the jury, human life is too cheap in Caldwell County. There are too many men going around the country with human blood dripping from their fingers. The way to stop murder is to convict men who are guilty of assault with intent to commit murder." Excep-

tion was taken to this and appellant requested the court to stop counsel and to instruct the jury not to consider said remarks, which the court refused to do.

Another bill recites that while the district attorney was making his closing argument he used this language: "Gentlemen of the jury, Mr. Coopwood, the attorney for the defendant, asked you if the defendant did not shoot the assaulted party, Mr. Dillard, on accounts made about his wife, what did he shoot him for? I don't know why he shot him. It may be he shot him because he is that type and character of man that is walking around the country with a loaded pistol in his grip, looking for some good citizen like John Dillard to kill." The same objections, requests, etc., were made in this bill as in the former.

The third bill recites that while the prosecuting attorney was closing his remarks to the jury he said: "Gentlemen of the jury, the attorney for the defendant objected to my asking you certain questions when we were testing your qualifications as jurors in this case. The reason I asked you those questions was that I tried a case some time ago in Austin County wherein the defendant had absolutely no defense and in which the court did not submit self-defense in his charge to the jury, the jury were all sworn that they would render a verdict in that case upon the evidence and the law but went out and in a few minutes returned a verdict of not guilty. I consider that verdict a great outrage, and I intend to remind every man accepted by me on a jury of his oath and obligations to return a verdict according to the law and evidence in cases of this character." Again the appellant excepted and asked the court to stop counsel and instruct the jury not to consider said remarks, and these objections were overruled as in the other bills, and the court refused to stop counsel or instruct the jury as requested. These remarks should not have been indulged. These matters have come before the court frequently, and in many cases reversals have been caused for such indiscretions. Prosecuting attorneys ought not jeopardize their cases by using such remarks and arguments. It is always error for the State's counsel to place before the jury in argument a fact which he would not be entitled to prove, and the effect of which is damaging to the defendant. Jenkins v. State, 49 Texas Crim. Rep., 457; Rodriquez v. State. 58 Texas Crim. Rep., 275, 125 S. W. Rep., 404; McKinley v. State, 52 Texas Crim. Rep., 182: Askew v. State, 54 Texas Crim. Rep., 414; Baughman v. State, 49 Texas Crim. Rep., 33; Coleman v. State, 49 Texas Crim. Rep., 82; Battles v. State, 53 Texas Crim. Rep., 202; Turner v. State, 39 Texas Crim. Rep., 322; Pollard v. State, 33 Texas Crim. Rep., 197; Branch's Crim. Law, sec. 62, for collation of authorities; Johnson v. State, 66 Texas Crim. Rep., 586, 148 S. W. Rep., 328; Brooks v. State, 141 S. W. Rep., 763. We deem it unnecessary to comment further or to cite any more cases in regard to this matter. This argument was highly improper. Prosecuting officers should refrain from such remarks, especially such as set out in last bill.

Another bill recites that the State introduced a petition for divorce

filed by the husband against the wife a year or such matter previous to the difficulty, in which it was alleged as a ground that she had been guilty of adultery. Various objections were urged, but the defendant was required to answer in the affirmative. The court qualifies this bill by stating that he permitted proof of the fact that the suit for divorce had been brought, but the witness was permitted to answer the question only that he had filed the suit against his wife for divorce. As qualified by the judge this testimony was inadmissible. The State could not prove that he had brought suit for divorce against his wife. This was not a relative or pertinent fact standing by itself.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*