SUPREME TRIBE OF BEN HUR *v.* GAILEY.

Opinion delivered February 15, 1915.

1.   BENEFIT INSURANCE—BENEFICIARY—LIMITATION UPON.—Where the charter and by-laws of a fraternal insurance order provide that insurance can be issued only upon certificates wherein the beneficiary bears a certain relationship to the member, or to his legal representatives in trust for his heirs, it will not be held that the issuance of a certificate was done *ultra vires,* where the legal representative was named as beneficiary, although it does not appear that there was living any one bearing the relationship to the insured required by the charter and by-laws of the order, it being possible that such person might appear after the insured's death.

2. BENEFIT INSURANCE—BENEFICIARY—RULES OF ORDER—BURDEN OF PROOF. —Where a fraternal insurance order seeks to avoid payment of a benefit certificate to the deceased member's executor, on the ground that the deceased died without heirs, the burden of establishing that fact is upon the fraternal order.

3. TRIAL—EFFECT OF BOTH PARTIES ASKING INSTRUCTED VERDICT.—Where both parties ask an instructed verdict, the finding of the court is as conclusive as the verdict of a jury would have been, and requires no more evidence to support it.

Appeal from Cross Circuit Court; *W. J. Driver,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee, as administratrix of the estate of Isaac S. Adams, deceased, brought this suit to collect a benefit resentatives bearing relationship to said member of ad the sum of $2,000, payable at his death "to his legal representatives bearing relationship to said member of administrator or executor."

The appellant denied liability, alleged it was a fraternal beneficiary association, chartered under the laws of the State of Indiana, and that notwithstanding said deceased may have become a member of said order, and paid his installments of dues, that his administrator is not entitled to recover upon his benefit certificate, because there is no person lawfully entitled to receive the benefit and bcause under the constitution and laws of the order, and the laws of the State of Indiana, a policy of insurance upon the life of a member can only be paid to one of the following classes: "Families, heirs, blood relatives, affianced husband or affianced wife or persons dependent upon the member," and further that said Adams died unmarried without any known heirs or persons of the classes mentioned, and leaving no person dependent upon him. It also plead *ultra vires,* alleging the contract was void because issued in excess of the order's authority.

It appears from the testimony that Isaac S. Adams died on January 13, 1912, holding the benefit certificate or policy of insurance sued on in the Supreme Tribe of Ben Hur. In his application for membership, it was

stated that his father and mother were dead, had no sisters and only one brother, who was born dead, and ''he has no relative known,'' this statement appearing at end of sentence directing payment to his executor or administrator.

Appellee testified she was appointed administratrix of deceased's estate; she had known the deceased for thirty-five years, who had resided in her family or with some member of it nearly all his life; that he came from Mississippi, and she did not know what relatives or heirs he had in that State or elsewhere. That he supported himself by his work and ''during all the time I knew him, I never saw a letter from any of his family in Mississippi and no relation ever visited him while he lived in my family.'' He was a small boy when he came to our house, and was never married. I do not know that he has any blood relatives, and know of no woman to whom he was engaged to be married, and of no one dependent upon him for support at the time of his death. Have heard him say at different times, ''if he had any relatives, he did not know who they were.'' No debts have been probated against his estate, nor any accounts presented to the administratrix.

The policy sued on provides:

''The Supreme Tribe of Ben Hur will from its benefit fund pay to his legal representatives bearing the relationship to said member of administrator or executor, the sum of $2,000 upon the required proof of his death while in good standing as a beneficial member of this association and on the surrender of this certificate.''

The laws of the order provide:

''Sec. 10. Payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife, or to persons dependent upon the members, and to such other persons or classes or designations as may be authorized by the laws of this State'' (meaning Indiana).

Also, that a member may designate as beneficiary any one belonging to the following classes, naming the same as in section 10, and ''or legal representatives pro-

vided, where the certificate is payable to legal representatives, the benefits shall be payable to the executor or administrator of the deceased member in trust for such member's heirs.''

The law of the State of Indiana, declaring the association a corporation, provides:

''Payment of death benefits shall be to the families, heirs, blood relatives, affianced husband or affianced wife, or to some persons dependent upon the member.''

Each of the parties asked an instructed verdict, and the court directed the jury to find for the plaintiff, and from the judgment on the verdict, this appeal is prosecuted.

*L. C. Going,* for appellant.

The issuance of the certificate in this case was either void as an *ultra vires* act, or void because issued by the association under a misapprehension of the facts, which, as appears by the testimony, show conclusively that there was no one capable of receiving the benefit of the policy. 27 Am. & Eng. Enc. of L., 868 and note; 116 S. W. 1130; 101 Pac. 1; 27 Atl. 53; 148 S. W. 526.

In response to the contention that the amount of the certificate, should be paid to the administratrix and allow her to determine who the heirs might be for the purpose of distribution, there may not be any person entitled to this benefit fund, and if there is none, appellee would certainly not be entitled to recover.

The by-laws of the appellant specifically provide that if, on the death of a member, there is no person entitled to the benefit of the certificate, the amount of the certificate shall go back into the benefit fund for the benefit of the members. 7 N. W. 273; 10 Fed. 227; 56 Ia. 620; 13 Bush. 489.

*Killough & Lines,* for appellee.

1. The policy having been issued, the premiums paid, and the contract fully executed so far as deceased was concerned, appellant is estopped to plead *ultra vires.* 3 Thompson, Corp. (2 ed.), § 2787; 10 Cyc. 1156; 74 Ark. 190; 96 Ark. 594, and case cited.

2. The presumption is that all persons have heirs. The doubtful statement of the deceased that he had no relatives that he knew of, does not, under the circumstances, make a *prima facie* case. The burden was on the appellant to prove that he had no heirs capable of receiving this benefit, and that burden it has failed to meet. 1 Dembitz on Land Titles, 318; 108 Ark. 515.

KIRBY, J., (after stating the facts). It is contended that the issuing by appellant order of the benefit certificate was *ultra vires* and void, there being no one of any of the classes designated to whom the benefits could be paid without violation of the by-laws of the organization and the statute granting its charter.

"Where the statute under which a benevolent corporation is organized, and its charter adopted in pursuance to such act, designates certain classes of persons as those for whom the benefit fund is to be accumulated, a person not belonging to either or any such class is not entitled to take the fund. A corporation has no authority to create a fund for other persons than the classes specified in the law, nor can the order direct the fund to be paid to a person outside of such class." 27 Am. & Eng. Ann. Cas. 868.

There was no attempt here to issue a policy with the benefit payable to any person not belonging to one of the classes specified as entitled to receive it, nor direction to pay to one outside of such class.

(1) And although the member may have had no family, blood relatives, heirs or persons dependent upon him, or affianced wife, at the time of the issuance of the policy, a fact which the evidence does not show, he had the right, nevertheless, to take out such policy upon the contingency that there might be one of some of the classes designated entitled to receive the benefit at the time the liability to pay it became fixed upon the death of the member, and the order had authority likewise to issue such policy on such contingency and its action in doing so was not *ultra vires*.

There was no beneficiary named in this policy, which was made payable to the legal representatives "bearing

the relationship to the member of administrator or executor,'' and it is not questioned that plaintiff is the duly qualified administratrix of the estate of said deceased member. It is contended, however, that there is no person living bearing the relationship or belonging to any class who was entitled to become a beneficiary, under the rules of the order, and the law creating it, and therefore that the administrator can not recover upon the policy.

The by-laws provide that when the certificate is payable to the legal representatives, as in this case, the benefit shall be payable to the executor or administrator of the deceased member in trust for such member's heirs.

Appellant having denied that there is in existence any person of any of the classes to whom the benefit under the policy can be paid, the burden to prove such fact devolved upon it. *Longer* v. *Carter,* 102 Ark. 73; *Carrier* v. *Comstock,* 108 Ark. 521.

(2) We are of opinion that the burden was not discharged by the evidence introduced in this cause. It is true the administratrix testified that she had heard the deceased say frequently that if he had any relatives living he did not know them, that he was without a family or affianced wife, and that no relatives visited or wrote to him during the time she knew him. The testimony discloses, however, that he came from Fulton, Mississippi, an adjoining State, in his boyhood, and was illiterate, and could not write, and that no inquiry was made at the place of his birth, and where he was known to have lived to ascertain whether he had heirs or blood relatives living. The circumstances shown raise an inference that there were no heirs, family, blood relatives, or other persons belonging to any of the classes entitled to the payment of the benefit under the policy, but the place of deceased's birth being known, and no inquiry made there, the evidence is not *prima facie* sufficient to show that there are none such. *Carrier* v. *Comstock,* 108 Ark. 522.

Conceding the testimony was sufficient to sustain a verdict or finding that there were none living, bearing such relationship to the deceased member as would entitle them to the benefit under the policy, it is not con-

clusive of the fact, and a verdict against the proposition could not be set aside for want of evidence to support it. The finding of the court, each party having asked a directed verdict, is as conclusive as the verdict of a jury would have been, and requires no more evidence to support it. *St. Louis S. W. Ry. Co.* v. *Mulkey*, 100 Ark. 71.

The administrator of the estate of the deceased member was entitled to recover the amount of the benefit certificate as trustee of course for the benefit of those entitled thereto under the terms of the policy, the laws of the order and the State creating it, and the court did not err in directing a verdict for appellee. The judgment is affirmed.