## NUTT v. FRY.

### Opinion delivered June 21, 1915.

1. TRIAL—INTRODUCTION OF TESTIMONY AFTER RESTING CASE.—The action of the trial court in permitting plaintiff to introduce further testimony after resting his case, will not be controlled on appeal, unless there was a manifest abuse of the discretion.

2. APPEAL AND ERROR—BURDEN OF PROOF—OBJECTION—MOTION FOR NEW TRIAL.—Appellant may not contend on appeal that the trial court erred in its ruling as to whom the burden of proof rested upon, when he made no objection to the ruling of the court, nor set out the error as a ground for a new trial in his motion therefor.

3. APPEAL AND ERROR—REQUESTS FOR INSTRUCTED VERDICT.—A trial is in effect without a jury, where each party asked for an instructed verdict without asking other instructions.

4. CONTRACTS—ASSIGNMENT—DUE-BILL.—Appellee held a contract to cut a right-of-way for a drainage district; this he assigned to appellant, taking a due-bill from appellant therefor, in which appellant agreed to pay appellee a certain sum when he was paid by the district, *held*, that evidence was admissible to show what the district had paid appellant, and that a recovery had on the due-bill, would, under the evidence, be sustained.

Appeal from Lawrence Circuit Court, Eastern District; *John B. McCaleb,* Special Judge; affirmed.

STATEMENT BY THE COURT.

F. A. Fry brought this suit in the justice court against S. M. Nutt upon a due bill and alleged that said S. M. Nutt was due him the sum of $45 with 6 per cent interest, "from........being the date the said defendant was paid the first money upon Ditch No. 2 of the Greene and Lawrence Drainage District, and that he had failed and refused to pay the same, etc." The due bill reads:

"November 30, 1911, due F. A. Fry $45, to be paid when collected for cutting Rite-of-Way No. 2 to be paid when first money collected on sed Rite-of-Way.—S. M. Nutt."

Defendant plead fraud and failure of consideration, and judgment was rendered in his favor in the justice court, from which Fry appealed to the circuit court.

On trial there the due bill was introduced in evidence, and its execution admitted and Nutt testified that he executed it in consideration that Fry would transfer to him his contract for cutting a certain portion of the right-of-way for Ditch No. 2 in Greene County. That after the contract was assigned to him, he went to Mr. Miller, the representative of the ditching contractors, to have it approved, and was told that the contract had been forfeited, and he would not approve it. He then made a contract with the principal contractors to cut a portion of the same right-of-way for which Fry had held the contract that had been assigned to him. He did not tell Fry that the contractors had declined to approve the transfer of the contract to him, nor that they claimed it was forfeited until some time after the transfer, and when Fry was insisting upon payment. Neither did he ask for the return of the due bill as he did not regard it worth anything.

Fry testified that he had the contract to clear the designated portion of the right-of-way for the ditch, and sold and transferred it to S. M. Nutt at his request for $45, as evidenced by the due bill, and that his contract was not forfeited at the time of the sale and transfer of it; and that he had never been notified by either the contractors digging the ditch nor Nutt that it was claimed to be forfeited until long after the transfer of the contract and execution of the due bill, and when he was insisting upon the payment of it.

Miller, the superintendent of the clearing of the right-of-way, testified that Nutt did some work on the right-of-way for No. 2, and was paid about 75 per cent. of the cost; that this money was paid to Nutt, "who cut the right-of-way that was contracted to Fry originally;" that

it was paid in the spring of 1912, 75 per cent. of the amount completed each month, and that up to June he had been paid something like $150. This witness also stated that he had cancelled the contract with Fry, and proceeded under the new contract afterward made with Nutt, which omitted two miles of the right-of-way included in original contract with Fry.

Each party requested an instructed verdict, and the court directed a verdict in Fry's favor, from the judgment upon which this appeal is prosecuted.

*T. A. Turner,* for appellant.

1. Plaintiff failed to show that any moneys had been paid or collected. 1 L. R. A. (N. S.) 1120-5; 40 Ark. 185. No consideration was proven. 14 Ark. 390; 7 L. R. A. (N. S.) 1035. The burden of proof was on plaintiff. It was error to admit testimony after plaintiff rested his case. A verdict should have been directed for defendant.

*J. N. Beakley,* for appellee.

1. The abstract does not comply with the rules. 112 Ark. 118; 55 Ark. 547.

2. This is a case of invited error. The complaint will be considered amended if defective.

3. No abuse of discretion by the court is shown in admitting testimony after plaintiff rested. 115 Ark. 230; 116 Ark. 30.

4. A general assignment that the verdict is contrary to the law and evidence is not sufficient. 117 Ark. 198.

5. A jury was waived. 117 Ark. 145; 100 Ark. 73; 92 *Id.* 278.

KIRBY, J., (after stating the facts). The case is not well abstracted, but sufficiently so, that it will not be dismissed for noncompliance with the rule. It appears that after the due bill was read in evidence, plaintiff rested his case, the defendant was examined, withdrew his testimony upon leave of the court, and asked a peremptory instruction, contending that the testimony did

not show that any moneys had been paid to or received by him from the contractors for cutting the right-of-way, and insisting that it was necessary to prove that fact in order to recover.

The court denied the motion for a directed verdict, and the testimony was re-submitted, after which defendant renewed his motion for a directed verdict several times at other stages of the proceedings, which was denied.

(1) It is insisted that the court erred in denying said motion and in permitting the introduction of the testimony over appellant's objection after plaintiff had rested his case. The conduct of the trial is within the discretion of the court, which permitted the introduction of other testimony by the plaintiff after he had introduced the due bill and rested, and unless there was a manifest abuse of this discretion, his action in permitting the introduction of such testimony, will not be controlled here, and the cause reversed because of it. It was doubtless the court's purpose in permitting it to ascertain the truth of the matter to be determined in furtherance of justice, and he could in the exercise of such discretion permit the introduction of other testimony, notwithstanding the plaintiff may before have announced that his evidence was all in, and we do not find any abuse of discretion in his doing so. *Oak Leaf Mill Co.* v. *Cooper,* 103 Ark. 79; *St. Louis, I. M. & S. Ry. Co.* v. *Grimsley,* 90 Ark. 64; *Garner* v. *State,* 97 Ark. 63.

(2) Appellant is not in a position to contend here that the court erred in its ruling as to whom the burden of proof rested upon, since he made no objection to it, neither did he allege same as a ground for a new trial in his motion therefor. *Jenkins* v. *Quick,* 105 Ark. 467; *American Ins. Co.* v. *Haynie,* 91 Ark. 43; *Cammack* v. *Southwestern Fire Ins. Co.,* 88 Ark. 505; *Singer Mfg. Co.* v. *Reeves Lumber Co.,* 95 Ark. 363; *Thielman* v. *Reinsch,* 103 Ark. 307; *Boshears* v. *Johnson,* 101 Ark. 120.

(3) The trial was before the court without a jury in effect, since each party asked for an instructed verdict

without asking other instructions.  Under this condition we have held that the decision of the jury was waived and the matter at issue submitted to a trial by the court, whose decision in directing a verdict has the same effect as would have been given to the verdict of the jury upon the issue without such direction.  *St. Louis S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 73; *Supreme Tribe of Ben Hur* v. *Gailey,* 117 Ark. 145.

(4)  The statement filed before the justice alleges that the defendant has been owing the sum claimed, "from the date the said defendant was paid the first money on Ditch No. 2 of the Greene and Lawrence Drainage District," and it was competent to show that he had received the money for cutting the right-of-way mentioned in the due bill, since it states, "the amount was to be paid out of the first money when collected for cutting the right-of-way."  The testimony shows that he received $150 or more for cutting that portion of the right-of-way for which appellee had a contract to do the work, which he assigned to appellant, receiving in consideration, the due bill sued upon.

Appellant, it is true, testified that the contract was transferred to him, but also that he received no benefit from it, the principal contractors he said having declared it forfeited and cancelled it and given him a new contract to cut the same right-of-way.  Appellee denied that his contract was forfeited, however, and the right of the contractors to cancel it, and the record does not show what the contract was, appellant claiming to have lost it after it was transferred and delivered to him by the appellee.

The testimony is sufficient to support the judgment, which is affirmed.