DOZIER *v.* UNION BANK & TRUST COMPANY.

Opinion delivered December 6, 1920.

1. VENDOR AND PURCHASER—DUTY OF PURCHASER TO POINT OUT DEFECTS IN ABSTRACT.—Where a contract for sale of land provided for payment within 30 days provided complete abstracts were furnished and for an extension for a reasonable time to perfect the title, the purchaser, if he disapproved the abstracts tendered, should point out the defects and allow the vendor a reasonable time within which to correct them.

2. VENDOR AND PURCHASER—ABANDONMENT OF CONTRACT—PLEADING.—In a purchaser's action to recover a forfeit payment made by him, an allegation in the vendor's answer that plaintiff had refused to comply with the contract was in effect an allegation that he had abandoned it.

3. VENDOR AND PURCHASER—RECOVERY OF FORFEIT—BURDEN OF PROOF.—Where a purchaser under a land contract sued to recover a sum deposited with a bank as a forfeit, and the vendor intervened, claiming the deposit, the burden of proof is on the plaintiff.

Appeal from Independence Circuit Court, *Dene H. Coleman,* Judge; affirmed.

*W. K. Ruddell,* for appellant.

1.  It was error to instruct the jury that the burden of proof was upon plaintiff.   The interpleader asked to be made a party to the suit and claimed that he had fulfilled his part of the contract.   He then was entitled to open and close the argument, and the burden of proof was upon him.   128 Ark. 25-7.

The interpleader, Presley, must show that he has tendered a deed and demanded the purchase money and also that he was willing to accept the Dozier deed to the land, and until he did he was not entitled to demand a forfeiture as he claimed he had complied with the contract.   7 Ark. 207.

2.  When plaintiff proved that he notified Presley of the defect of title, he did not have to prove that Presley had an opportunity to correct same.   Plaintiff did not have to give an opportunity to correct abstract.   Plaintiff did not have to point out any defects where a contract is that an abstract must be furnished "satisfactory to her attorney," the abstract must be so or appellee is not bound to pay the purchase price.   119 Ark. 418, 428; 94 *Id.* 263-8.   A satisfactory abstract of title must be furnished showing *satisfactory* title to the vendee.   The vendee must be satisfied.   18 L. R. A. (N. S.) 74.   There is no proof that Dozier was acting in bad faith.   Presley's objection to Dozier's title was in good faith.

3.  The court erred in its interpretation of the contract as reflected by the instructions.   No. 1 was erroneous, as abandonment of contract was not pleaded and relief can not be based on a fact not put in issue by the pleadings.   Written pleadings were filed in the justice's court and the parties are bound by them.   46 Ark. 152; 1 Crawford's Digest, 4049.

4.  It was error to instruct the jury as to abandonment of contract.   The objectionable words should have

been stricken out.    119 Ark. 418; 18 L. R. A. (N. S.) 741;
94 Ark. 263-8.

5.    The court should have given the plaintiff a peremptory instruction for a verdict.    The title was defective, and there were many irregularities in it.    Adverse possession would not constitute a merchantable title for part of the land, as it is not shown how the parties came into possession or what they did with it.    121 Ark. 482; 120 Id. 69.

6.    The court erred in refusing to give instruction No. 1 for plaintiff that Dozier was the party to be satisfied and that they must find that Presley furnished a satisfactory title.    128 Ark. 25-7; 119 Id. 418; 94 Id. 263; 18 L. R. A. (N. S.) 741.

7.    It was error to refuse instructions Nos. 2, 3 and 4 for plaintiff.    The burden was on the intervener, and the court should have so instructed.

*Victor Wade* and *Samuel M. Casey,* for appellee.

1.    The facts in the record show that Dozier did not act in good faith in claiming that there were defects in the title to the land, but his failure to carry out his contract was due to other reasons not the fault of Presley, and, if so, then he should forfeit the $300 he put up as the contract stipulated.    The instructions state the law correctly.    119 Ark. 418; 94 Id. 263.

2.    There is absolutely no testimony showing any defect in the title.

3.    The burden of proof was properly placed on the plaintiff.    No prejudice resulted from the instructions given or refused and this court will not reverse for errors not prejudicial.    121 Ark. 439; Ib. 570; 69 Id. 632.

Humphreys, J.    Appellant institutes suit against the Union Bank & Trust Company in the Independence Circuit Court to recover $300 which he had deposited in the bank as a forfeit payment to appellant in a land deal entered into between appellant and appellee J. H. Presley.    The written contract for the sale and purchase of

the land in question, containing the forfeit clause, is as follows:

This writing witnesseth: That J. W. Dozier, hereinafter known as the party of the first part, has agreed to purchase from J. H. Presley, hereinafter known as the party of the second part, his farm of 232 acres, near Jamestown, Ark., adjoining the J. C. Hubble farm. The consideration price is $9,300.00 (nine thousand three hundred dollars), three hundred dollars to be paid down in cash and deposited in the Union Bank & Trust Company as a forfeit payment by Dozier, same to be held by said bank until the completion and delivery of the necessary deeds and abstract of title for approval of said Dozier. The other payments agreed consist of a farm of Dozier's of 361 acres, near Calico Rock, Ark., which Presley agrees to accept in part payment at a value of $3,000 (three thousand dollars), upon furnishing abstract of title and warranty deed approved by party of the second part. The remainder of the purchase price, or $6,000.00, is agreed to be paid within 30 days, provided satisfactory title is furnished by party of the second part, consisting of complete abstracts and warranty deeds. The 30-day limit is mentioned simply in case the party of the first part falls down or refuses to carry out his part of this agrement, in which event the $300 forfeit money referred to shall revert to the party of the second part. If, however, there is any reasonable excuse for the extension of this agreement by reason of unusual necessities to perfect the title, this agreement shall hold good for a reasonable time which is required to carry out the purpose of this agreement as long as same is being done in good faith. Signed in triplicate this October 24, 1919.''

The Union Bank & Trust Company filed answer, stating that it held the money as a depository under the forfeit provision in the land sale contract between J. W. Dozier and J. H. Presley, and requested that the interested party, J. H. Presley, be made party defendant. It

also asked permission to pay the money into court for award to the party entitled thereto under the terms of the sale and purchase contract.

J. H. Presley intervened and filed an answer, denying appellant's right to the fund, claiming same himself under the forfeit clause in the contract, on account of the refusal of appellant to comply with the terms thereof. The cause was submitted to a jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and judgment for appellee.

The evidence disclosed that Presley delivered an abstract of title to his farm to Dozier within ten days after the execution of the contract; that Dozier failed to procure a loan of $6,000, on account of insufficient security, to make the final payment; that on the 25th day of November, 1919, thirty-one days after the contract was signed, Dozier applied to Presley for additional time within which to consummate the deal, and obtained an extension of fifteen days; that on December 15, 1919, after the expiration of the time extension, Dozier served the following notice upon appellee:

"To J. H. Presley and Union Bank & Trust Company: This will notify you that I have examined the abstract of title to the land, which I was to buy from J. H. Presley, and that I find the same unsatisfactory, and that I hereby demand the $300 which was placed in the Union Bank & Trust Company.

"Witness my hand this 15th day of December, 1920.
"J. W. Dozier"

Presley testified that this was the first intimation he or the bank received to the effect that Dozier entertained objections to the abstract. On December 18th, following, Ward & Wade, attorneys for Presley, wrote a letter to appellant requesting him to specifically point out his objections to the title, assuring him that Presley would make an effort to correct any defects. Ward testified that no answer was received to the letter. Dozier testified that he answered the letter, referring Ward

to Mr. Ruddell, his attorney, who would point out the defects in the title. He also testified that, before receiving the letter, he saw Ward in person and told him in the presence of Presley, that, according to the abstract, the following defects existed in the title: A patent had never been issued by the government for 120 acres of the land; three deeds of trust had not been satisfied; one break existed in the chain of title; and one conveyance only purported to convey dower and homestead rights of the grantor. Ward testified that Dozier came to his office and expressed dissatisfaction with the abstract, but refused to point out any defects in the title for correction, insisting that, under the terms of the contract, it was the duty of Presley to furnish an abstract in the first instance without defects; that appellant did not refer him to his attorney, Ruddell, until after the trouble came up. J. C. Hubble testified that Dozier told him he was thinking of losing the forfeit he put up in the land deal and asked his opinion concerning it; that he told Dozier he would be likely to lose it.

The court submitted the cause to the jury upon the theory that, before appellant could claim the return of the forfeit money, he must show by a preponderance of the evidence that the abstract furnished by appellee Presley was defective, and that he pointed out the defects and gave Presley reasonable time thereafter within which to perfect the title and abstract; and that appellant was ready and willing to carry out the contract on his part upon the fulfilment of the contract by appellee Presley within a reasonable time after being apprised of defects in the title.

Appellant insists that the court erred in the interpretation of the contract, as reflected by the instructions embodying the foregoing theory. We think the court construed the contract correctly. The contract provided that appellee Presley should furnish appellant an abstract within thirty days, showing satisfactory title, with the right to additional time, if neccessity required, to

perfect the title. This conferred the right upon appellant, if ready and willing himself to perform the contract, to disapprove the abstract of title tendered, if actually defective, after extending a reasonable time to appellee Presley to correct the defect, or defects.

Appellant's request for a peremptory instruction upon the theory that it was not his duty, under the contract, to point out the defects, if any, in the abstract, and to give appellee a reasonable time to correct them, and his request for instructions carrying the idea that no such duty rested upon him, or that appellee Presley had no right to reasonable additional time to correct defects in the abstract, were properly refused. Unless the duty rested upon appellant under the contract to point out any defects in the title tendered, which rendered it unsatisfactory, and unless appellee Presley was privileged to correct them within a reasonable time, the following clause in the contract was meaningless:

"If, however, there is any reasonable excuse for the extension of this agreement by reason of unusual necessities to perfect the title, this agreement shall hold good for a reasonable time which is required to carry out the purposes of this agreement as long as it is being done in good faith."

Appellant contends that the court committed reversible error by reference in the instructions given to an abandonment of the contract by appellant, because that fact was not put in issue by the pleadings. Appellee Presley's answer alleged a refusal by appellant to comply with the terms of the contract, which was, in fact, an allegation of the abandonment of the contract by him. So there is no foundation for the contention made by appellant in this respect.

Lastly, appellant contends that the court erred in placing the burden of proof upon him, for the reason that appellee Presley was an intervener in the case and filed an interplea, contending that the burden rested upon an interpleader to establish his case. Appellant cites

the case of *Webber* v. *Rodgers,* 128 Ark. 25, in support of this position. That was an attachment suit in which a third party intervened and claimed the attached property. In that character of case, the interplea presents an issue independent of the attachment, and the burden of proof rests upon the interpleader, who, for that reason, is entitled to the opening and closing argument. *Excelsior Manufacturing Co.* v. *Owens,* 58 Ark. 556. In the case at bar, the so-called "interpleader" was strictly a defendant, being the party of the second part in the contract and the only interested party in the litigation, except the plaintiff. Appellant being the plaintiff and appellee the only interested defendant, the court did not err in instructing that the burden in the whole case was upon appellant.

The judgment is therefore affirmed.