McKinney v. Bugg.

4-8392                                    209 S. W. 2d 454

Opinion delivered March 22, 1948.

*Alfred Featherston,* for appellant.

*O. A. Featherston* and *Boyd Tackett,* for appellee.

Holt, J.   Appellees; Ivan and G. A. Bugg, sued "J. B. McKinney, doing business as McKinney Mill," for $1,059.31 for timber which they alleged the company had purchased from them and refused to pay the purchase price.   Allegations for an attachment accompanied the complaint, bond was executed, and an order of general attachment issued, was served on March 3, 1947, and the logs and lumber on appellant's yards at Antoine, Arkansas, were attached, the mill, machinery and equipment were not attached.   The attachment remained in effect for two days when it was voluntarily released by appellees.

March 25, 1947, appellant, denominating itself "McKinney Lumber Company, Inc.," filed an intervention alleging that it owned the attached timber and that such attachment had been wrongfully obtained to its damage in the amount of $1,129.27, and accordingly prayed for damages.

Upon a trial to a jury, there was a verdict for appellees for the full amount for which they sued, $1,059.31. The jury also found that the intervener, lumber company, was not entitled to any damages growing out of the attachment proceedings and returned a verdict for appellees on this issue. From the judgment the intervener, "McKinney Lumber Company, Inc.," has appealed.

On the threshhold, appellant conceded that there was substantial evidence, on conflicting testimony, to support the jury's verdict in favor of appellees for the timber in the amount of $1,059.31, and there was no appeal from this branch of the case. In this connection, appellant says: "After the verdict of the jury was against the appellant on the main case, the appellant did not make a bond for appeal, but instead paid this judgment and took the logs and sawed them up. Had it not done this, and made a bond, the logs would have been a loss to all parties as the worms would eat them up and they would rot lying in the woods. Of course, the appellant knows from bitter experience that the quality of the logs was far below that which he had authorized his agent, Mr. Stover, to buy. But that is now beside the point. That bridge has been crossed. This court should reverse the case for a new trial only as to the amount of the intervener's damages, and should direct that at this trial the appellant be permitted to open and close the case."

The appellant here is the intervener, McKinney Lumber Company, Inc.

As we read this record, the parties and the trial court treated the intervener, appellant, and the defendant below, denominated as "J. B. McKinney, doing business as McKinney Mill," as one and the same party, and we find no evidence to the contrary. J. B. McKinney testified that he was president (he and his wife owning one-half of the stock) of the McKinney Lumber Company, Inc., and that this company owned the lumber mill at Antoine where the timber involved here was stored, and through the company's agent, Bob Stover, the timber involved had been purchased by this company from appellees, and while stored on the company's yards, as

indicated, was attached and at the end of two days the attachment was voluntarily released by appellees. Appellant, as above noted, says in his brief that the appellant here, the intervener, lumber company, paid off the judgment obtained by appellees against J. B. McKinney, doing business as McKinney Mill. We attach much significance to this in reaching the conclusion that appellant and defendant below were one and the same.

It was conceded, and the court, under proper instructions, told the jury, that the attachment had been issued wrongfully and that they should assess damages against appellees in favor of the ''McKinney Lumber Company, Inc., if any, in such sum as you find are actually and naturally the direct consequence of such wrongful attachment.''

The jury found from the testimony that appellant had suffered no damages by reason of the attachment and found against it on this issue.

As above noted, the attachment did not run against the mill, machinery and equipment, but only against the timber and logs stacked on the yards.

After reviewing all the testimony, we cannot say that the jury's finding that no damages resulted during the two day's attachment period was not supported by substantial testimony.

Appellant's principal complaint appears to be based on the trial court's refusal to allow him to open and close the case on the theory that it was a third party, intervener, with the burden of proof on it. We think there was no error in the court's action. There would be merit in this contention of appellant if the proof did not conclusively show, as above noted, that appellant and the defendant below were one and the same party.

The rule announced in *Dozier* v. *Union Bank & Trust Co.*, 146 Ark. 386, 225 S. W. 611, applies here. There, this court said: ''Lastly, appellant contends that the court erred in placing the burden of proof upon him, for the reason that appellee, Presley, was an intervener in the case and filed an interplea, contending that the burden

rested upon an interpleader to establish his case. Appellant cites the case of *Webber* v. *Rodgers,* 128 Ark. 25, 193 S. W. 87, in support of this position. That was an attachment suit in which a third party intervened and claimed the attached property. In that character of case, the interplea presents an issue independent of the attachment, and the burden of proof rests upon the interpleader, who, for that reason, is entitled to the opening and closing argument. *Excelsior Manufacturing Co.* v. *Owens,* 58 Ark. 556, 25 S. W. 868. In the case at bar, the so-called 'interpleader' was strictly a defendant, being the party of the second part in the contract and the only interested party in the litigation, except the plaintiff. Appellant being the plaintiff and appellee the only interested defendant, the court did not err in instructing that the burden in the whole case was upon appellant.''

Here, the so-called intervener, ''McKinney Lumber Company, Inc.,'' was strictly a defendant with the same interests, and was the same party, as the named defendant.

On the whole case, finding no error, the judgment is affirmed.